from the supreme court, on its decision reported in 1 Black (66 U. S.) 582, and to enter decrees dismissing the bills of complaint. The counsel for the plaintiffs, asked the court to so modify the decree of dismissal as to retain the provisional injunction heretofore granted (4 Blatchf. 74 [Case No. 12,851]), and prevent the erection of the bridge until after the decision of the supreme court on an appeal from the decree of dismissal.

Before NELSON, Circuit Justice, and HALL, District Judge.

NELSON, Circuit Justice. On the hearing of this case on its merits, in this court, before the two judges, a division of opinion upon the question of jurisdiction occurred (4 Blatchf. 395 [Silliman v. Hudson River Bridge Co., Case No. 12,852]), which made it necessary, under the act of congress, to certify such division to the supreme court. That court, after argument, were also equally divided in opinion, and, as a consequence, the certificate of division was dismissed, and the cause was remitted to the court below, with directions to proceed therein in conformity to law and the rules and proceedings in such cases provided. According to these rules and proceedings, and in conformity with law, as was intimated by the appellate court on the dismissal of the certificate of division, it becomes the duty of this court to enter a decree dismissing the bill, the same principle applying to the case in this court as in the appellate court, in case of a divided opinion. From the decree thus resulting, an appeal may be taken, and the case be reviewed in the court above, the same as if the decree were pronounced by the judgment of the court.

It is contended, however, that, conceding this view to be correct, it does not follow that the injunction heretofore granted falls with the dismissal of the bill, or, if it does prima facie, that it is still in the power of this court to continue the injunction until the decision on the appeal, and that the case is a proper one for the exercise of this power. The court cannot agree to either of these positions. The legal result of the division of opinion of the judges, is a dismissal of the bill without any qualification. Indeed, the condition of the court renders any qualification or modification of the dismissal impracticable. The case is out of court, so far as it respects any proceedings except an appeal to revise the decree. The judges are disabled, from the contrariety of opinion, to annex any condition, and it certainly requires no argument to show that, in the case of an unqualified dismissal of a bill, all the incidents fall with it. We agree that the chancellor may, in his discretion, direct a modified dismissal, and thereby annex to it such conditions as may seem to him just and equitable. Having the possession and entire control of the cause, this qualified exercise of

power is practicable. But such a case is very different from this one, where the dismissal is the result of law, and absolute, and where, from the condition of the court, no modification can be annexed.

It was insisted, that an appeal, when taken within the time and in the mode described by the acts of congress of September 24, 1789 (1 Stat. 85, § 23), and March 3, 1803 (2 Stat. 244, § 2), will operate, under and by virtue of those acts, to continue the injunction. But it is quite clear that these provisions deal only with the writ of execution founded upon the decree rendered, and which is awarded by it, and have no application to the provisional writ of injunction or other incidental proceedings in the progress of the cause.

It may not be improper to add, in conclusion, that this question was the subject of observation in the course of the discussion of the main questions of the case, in the court above, and that no doubt was entertained in regard to it by any of the judges. Although the question had not been discussed by counsel, it became incidentally involved, on account of the division of opinion in the appellate court. After a full argument before us in this court, we find no ground for changing the opinion.

[NOTE. The complainant Coleman appealed from the decree herein dissolving the injunction and dismissing the bill, and the supreme court affirmed the decree of the circuit court by a divided court. Coleman v. Hudson River Bridge Co., 2 Wall. (69 U. S.) 403.]

COLEMAN (JENCKS v.). See Case No. 7,258.

## Case No. 2,984.

### COLEMAN v. LIESOR.

Circuit Court, S. D. Ohio. 1859.

PRESUMPTIONS OF PATENT—UTILITY — NOVELTY—INFRINGEMENT—ESTOPPEL—PRIOR USE — PRIOR PUBLISHED DESCRIPTION—MEASURE OF DAMAGES.

1. When ascertainable, the defendant's profits are the proper rule of damages.

2. The defence that an invention is wanting in novelty or originality goes to the validity of the patent.

3. If the defendants have used the plaintiff's invention, or something substantially like it, they are estopped from denying its utility, for use implies utility, and it is fair to presume that they would not use it if they thought it of no utility.

4. There is a presumption arising from the patent itself in favor of the novelty of the invention which it covers. But this presumption may be overcome by showing that the thing had been previously known.

5. It is always presumed from the patent itself that the invention is new, and if a party sued would avail himself of the want of such novelty, it is incumbent upon him to prove it by giving a proper notice to the plaintiff to prevent surprise.

6. A mere addition to a patented invention, will not justify the use of the invention first patented.

7. It is an infringement if a person had used a patentee's improvements or devices substantially the same, in which the same principles are brought into requisition, or in other words, which are alike in their principle of operation.

8. An invention must be of some utility; a patent cannot be granted for a thing altogether frivolous; but the presumption on the face of the patent is that it is of some utility, for the applicant is obliged to swear that the invention is useful before the securing of the patent.

9. There is a presumption arising from the patent itself in favor of the novelty of the invention which it covers. But this presumption may be overcome by showing that the thing had been previously known.

10. A prior use of a thing in a foreign country will not invalidate a patent afterward taken out in this country, where the inventor supposed himself to be the first inventor, unless the prior invention had been patented or described in some printed public work.

11. The description of an invention in any public work, to invalidate a patent, should be, to some degree, in the nature of a specification, so far as to enable a mechanic skilled in the art to construct the machine; they should not be vague references to or suggestions of the thing described.

[Before LEAVITT, District Judge.

The points stated above are taken from Law's Pat. Dig. 240, 246, 281, 311, 345, 357, 370, 435, 516, 602, 609. Nowhere more fully reported; opinion not now accessible.]

---

## Case No. 2,985.

### COLEMAN v. MARTIN et al.

#### [6 Blatchf. 119.][1]

Circuit Court, S. D. New York. April 20, 1868.

##### APPLICATION TO BE MADE PARTY.

A person who has no interest, in a legal sense, in the subject-matter of a suit in personam, and who is not a party to it, cannot compel the plaintiff to make him a party.

[Cited in Drake v. Goodridge, Case No. 4,-062; Scott v. Mansfield, C. & L. M. R. Co., Id. 12,541; Chester v. Life Ass'n of America, 4 Fed. 492.]

[In equity. Bill by Charles R. Coleman against D. Randolph Martin and others.]

This was an application made to the court, by petition, by Charles H. Stewart, who was not a party to the suit, praying that he might be made a party defendant. The ground of his application was, that, by reason of certain matters, which he set forth, he might be held, both legally and morally, responsible, pecuniarily and personally, for certain transactions of which the plaintiff complained in his bill; and that the decree of this court in the suit would have "a powerful influence" in contributing to that result.

Luther R. Marsh, for petitioner.
E. Louis Lowe, for plaintiff.

---

BLATCHFORD, District Judge. The decree of this court in this suit can in no manner bind or affect the petitioner, in a legal sense; and it was never known that a person, not a party to a suit in personam, could compel a plaintiff to make him a party. The present defendants do not raise the objection that the petitioner should be made a party. This being so, the plaintiff is left free to sue whom he pleases, subject only to the power of the court at any time to compel him to join, as a party defendant, any person whom it is necessary to make a party, in order to make a decree fully effective against those who are already parties. It does not appear that the defendant is such a necessary party. He has no interest, in a legal sense, in the subject-matter of this suit, which is only a suit to compel the defendant Martin to surrender, to be cancelled, certain certificates of stock and bonds, and to compel the defendants Martin and Fant, as trustees, to release and cancel a certain deed of trust, and to compel Martin to account with the plaintiff for certain stock, bonds, and moneys, and to enjoin Martin from transferring, or disposing of, certain stock and bonds. In these matters, which are personal claims against Martin and Fant, the petitioner has no interest. In a suit in rem, where a court has jurisdiction over the res, and its decree affects the interest in the res of all persons who have any interest in the res, a person who has a lien or claim upon, or other interest in, the res, is allowed to intervene, and be heard for his own interest in the res. The theory of this is, that the person, by his interest in the res, has an interest, in a legal sense, in the subject-matter of the controversy. But in a suit in personam, a person not a party to the suit can have no interest, in a legal sense, in a personal claim made, in the suit, against a defendant therein, unless it is necessary that such person, not a party, should be made a party, in order to properly enforce such claim. The prayer of the petition is denied.

---

## Case No. 2,986.

### COLEMAN v. MARTIN et al.

#### [6 Blatchf. 291.][1]

Circuit Court, S. D. New York. Dec. 30, 1868.

##### PLEADING IN EQUITY—REPLICATION — ENLARGING TIME TO TAKE PROOFS—PRACTICE.

1. Under rule 66 of the rules in equity prescribed by the supreme court, the answer of every defendant in a suit in equity, when sufficient, must be replied to, without reference to the state of the cause or of the pleadings in regard to any other defendant.

2. The practice as to enlarging the time for the plaintiff to take proofs, under such circumstances, stated.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]