VOLUME FOOTWEAR RETAILERS OF AMERICA, PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Consolidated Court No. 83–10–01500

*Memorandum Opinion*

(Decided January 3, 1986)

*Mudge, Rose, Guthrie, Alexander & Ferdon (Donald B. Cameron, Jr.,* and *Teresa M. Polino, Esqs.,* on the motion) for the plaintiff.

*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*Velta A. Melnbrencis,* Esq., on the motion), for the defendant.

*Collier, Shannon, Rill & Scott (Lauren R. Howard, Michael R. Kershow and Jeffrey S. Beckington, Esqs.,* on the motion), for the intervenor.

CARMAN, *Judge:* This case was originally dismissed by the Clerk, United States Court of International Trade, on May 15, 1985 pursuant to a stipulation of dismissal. On October 28, 1985, the defendant moved for dissolution of the preliminary injunctions which the Court had originally ordered on November 9, 1983, and August 10, 1984. On December 10, 1985, the Court ordered the preliminary injunctions dissolved. Plaintiff then moved for rehearing and vacatur of the December 10 order.

On December 16, 1985, the Court ordered a stay of all liquidations previously covered by the preliminary injunctions until 5:00 p.m. on January 3, 1986, in order to allow for oral argument on January 3

at 10:00 a.m. Ruling from the bench, the Court granted the motion for rehearing and vacated its December 10 order.

### Facts

In this consolidated action challenging the final results of an administrative review of a countervailing duty order on nonrubber footwear from Spain, plaintiff obtained two preliminary injunctions. The first, in Court No. 83–10–01500, restrained the United States Customs Service (Customs) from liquidating entries of nonrubber footwear from Spain occurring between certain dates and classifiable under certain provisions of the Tariff Schedules of the United States (TSUS). The injunction was issued on November 9, 1983, and stated that "[t]his preliminary injunction is in effect until otherwise ordered by this Court." The Court issued the second preliminary injunction in Court No. 84–8–01083, on August 10, 1984, which similarly restrained Customs from liquidating entries of nonrubber footwear from Spain. This injunction contained no provision for its termination.

On May 8, 1985, the parties signed a stipulation of dismissal, which was followed by the Clerk's order dismissing the case on May 15, 1985. Neither the stipulation of dismissal nor the order of dismissal referred to the outstanding injunctions. Defendant thus based its motion for dissolution of the preliminary injunctions on the failure of either the injunctions themselves, the stipulation, or the order to provide for the termination of the injunctions.

### Opinion

The narrow issue briefed by the parties and before the Court at oral argument was whether the preliminary injunctions dissolved upon the dismissal of the case on May 15, 1985, or whether the injunctions remained in force until the Court's Order of December 10, 1985. All of the parties apparently agree that there was no reason for the injunctions to survive the dismissal of the action. Plaintiff, in whose interest the injunctions were originally granted, strenuously argued in both its opposition to defendant's motion for dissolution and its motion for rehearing that the injunctions terminated as a matter of law at the time of the dismissal. Defendant correspondingly stated the following in its motion for dissolution:

> Inasmuch as this consolidated action was dismissed voluntarily by plaintiff which obtained the injunctions, it is obvious that there is no reason why the injunctions should continue in effect and why entries covered by the injunctions should not be liquidated by the U.S. Customs Service as directed by the International Trade Administration of the Department of Commerce.

Defendant's Motion for Dissolution of Preliminary Injunction at 3. Intervenor, Footwear Industrial of America, Inc., explained further:

Here, the party bound by the injunctions—the government—merely seeks an explicit order from this Court which would permit it to proceed with liquidation of entries of Spanish footwear in accordance with the results of its administrative review of the countervailing duty order on nonrubber footwear from Spain, an administrative determination which the VFRA [plaintiff] has elected not to challenge on the merits. The VFRA, the original movant for the preliminary injunctions, has indicated that it too has no desire for the injunctions to remain in force.

Intervenor's Memorandum in Support of Defendant's Motion for Dissolution of Preliminary Injunctions at 4.

In light of these assertions, the Court issued the order on December 10, 1985 dissolving the injunctions. The Court viewed the order as a *pro forma* act erasing any ambiguity that the preliminary injunctions continued in force.

At the time of the motion for dissolution, however, the defendant did not alert the Court to what plaintiff now alleges was defendant's motive for bringing the motion for dissolution and the potential effect of having the injunctions terminate on December 10 rather than on May 15. Section 1504(d), Title 19 U.S.C. (1982) may require that Customs liquidate entries within 90 days after a preliminary injunction suspending liquidation is lifted.[1] Whether this is so, or any result from such a conclusion, was not a question before the Court with either the motion for dissolution or the motion for rehearing. The Court nonetheless appreciates the potential importance of the termination date of the injunctions and therefore granted the plaintiff's motion for rehearing.

It is abundantly clear that a preliminary injunction dissolves when the case is dismissed or final judgment is entered. *See* 7–pt. 2 J. Moore, J. Lucas, K. Sinclair, *Moore's Federal Practice,* § 65.07 at 65–86 (2d. ed. 1985), *citing Coleman v. Hudson River Bridge Co.,* 6 F. Cas. 63, (C.C. N.D.N.Y. 1862) (No. 2,983) and *Sweeney v. Hanley,* 126 F. 97 (9th Cir. 1903). *See also Madison Square Garden Boxing, Inc.* v. *Shavers,* 562 F.2d 141, 144 (2d Cir. 1977); *Consumers Union of the United States, Inc.* v. *Consumer Product Safety Comm'n,* 561 F.2d 349, 356 (D.C. Cir. 1977), *vacated on other grounds,* 434 U.S. 1030 (1978); *Heasley* v. *United States,* 312 F.2d 641, 648 (8th Cir. 1963); *Hamilton Watch Co.* v. *Benrus Watch Co.,* 206 F.2d 738, 742 (2d Cir. 1953). It is true that special circumstances may warrant providing for the expiration of an injunction upon some event other than dismissal of the action or final judgment. In *Al Tech Speciality Steel Corp.* v. *United States,* 6 CIT 257, 575 F. Supp. 1285 (1983), for example, the court enjoined liquidation of certain entries and provided

---

[1] 19 U.S.C. § 1504(d) reads:

(d) Limitation.—Any entry of merchandise not liquidated at the expiration of four years from the applicable date specified in subsection (a) of this section, shall be deemed liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer, his co signee, or agent, unless liquidation continues to be suspended as required by statute or court order. When such a suspension of liquidation is removed, the entry shall be liquidated within 90 days therefrom.

that "unless sooner modified or vacated for good cause shown this order shall expire *ex proprio vigore* thirty days after publication in the Federal Register of notice of defendant's redetermination." 575 F. Supp. at 1287. The court was concerned with "preserving its jurisdiction and, concommitantly, plaintiffs' judicial review rights" regarding the substantive aspects of the case pending a remand and redetermination on certain issues in the case. *Id.* But in the case at bar, none of the parties has presented the slightest reason why the injunctions should have survived the dismissal of the action. In fact, counsel for defendant at the oral argument characterized its motion for dissolution of the preliminary injunctions as really being a motion for clarification of the May 15 order of dismissal. A motion for clairfication may have been well taken. The motion for dissolution, on the other hand, clouded what was apparently the real issue and reason for the defendant's motion.

Given that all of the parties agree that the government should be free to liquidate the subject entries pursuant to the stipulation of dismissal and that the same circumstances existed at the time of the dismissal on May 15, 1985, the Court's order of December 10, 1985, dissolving the preliminary injunctions, was vacated. Absent any suggestion that any rights required protection after May 15, 1985, the preliminary injunctions are deemed to have expired on that date.