# KNEELAND *v.* LUCE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.

No. 38. Argued October 16, 19, 1891. — Decided November 2, 1891.

In a suit in equity for the foreclosure of a railroad mortgage this court holds, on appeal by the purchaser at the foreclosure sale from a decree declaring the claim of an intervenor to be a lien upon the property, that the record is too meagre for it to determine whether there was any error in the decree.

A stipulation in this case that "testimony heretofore taken and filed in this cause" "may be used in any future litigation touching" the subject of the controversy in the suit is *held* not to import into the suit testimony from other records in this court; it not appearing by this record that such testimony was used by the appellant in the hearing below, or that the appellees were parties to the stipulation.

IN EQUITY. The case is stated in the opinion.

*Mr. John M. Butler* and *Mr. Robert G. Ingersoll* for appellant.

*Mr. Charles Pratt* for appellees.

MR. JUSTICE BREWER delivered the opinion of the court.

This is an appeal from a decree in favor of Newton and Luce, as intervenors in the foreclosure case of *The Central Trust Company of New York and others* v. *The Toledo, Delphos and Burlington Railroad Company and others*, entered in the Circuit Court of the United States for the District of Indiana, Kneeland, the appellant, being the purchaser at the foreclosure sale.

The facts disclosed by the record (and by this record the case must be determined) are these: The foreclosure decree was entered on November 12, 1885. On January 8, 1886, intervenors filed in the office of the clerk of the Circuit Court their claim, in the shape of a decree entered December 12, 1885, by the Circuit Court of the United States for the Northern District of Ohio, in a case entitled *The Central Trust Company of New York and others* v. *The Toledo, Delphos and Burlington Railroad Company and others*, which decree finds that there is due to intervenors the sum of eight thousand and twenty-eight dollars and ninety-six cents, for land sold to the railroad company, and which amount thus found to be due is a lien upon the property mortgaged by the railroad company prior to that mortgage. This claim, with many others, was referred to masters, who reported in favor of its allowance and priority, which report was approved by the court and a decree entered accordingly, from which decree this appeal has been taken.

It appears from the statements of counsel, and impliedly from the record, that the principal foreclosure proceedings were had in the Indiana court; but that ancillary proceedings were had in the Circuit Court of the United States for the Northern District of Ohio, and in these ancillary proceedings the decree of December 12, 1885, was entered.

Without noticing other questions which were discussed by counsel, it is enough to say that this record is too meagre for us to determine whether there was any error in this decree. The testimony taken before the masters is not preserved, nor do we find even the final report of the masters made March 10, 1887, and upon which the decree was entered. While two prior reports of the masters, made separately, are partially preserved in the record, yet in them is simply a reference to the claim of intervenors, and a statement that it is based upon the decree rendered in the Ohio court. As the final report is omitted, we know not what showing of facts it contained, and as the testimony presented to the masters for consideration and afterward to the court is not preserved, how can it be adjudged that there was any error in the decree? So far as respects the decree of December 12, 1885, in the Ohio court, it discloses a *prima facie* claim at least in favor of the intervenors; for while it finds that no deed had been delivered, it also finds that the railroad company purchased and held the land under a contract set forth in paragraph three of the answer. But the answer is not in the record, nor that contract; so we know nothing of its terms or what liabilities it cast upon the railroad company. The decree also finds that the property thus purchased and held by the railroad company was a part of that covered by the mortgage being foreclosed; and that such mortgage was a lien on the property, but a lien subordinate to the claim of intervenors. And it further finds, that the lands so purchased and held were a part of the right of way of the railroad company. As the final decree of foreclosure and sale entered in the Indiana court directed a sale of the entire right of way, these lands were apparently included in the property purchased by Kneeland. So far then as the facts are disclosed by this record, the ruling of the Circuit

Court was right in directing the payment of the balance due on the purchase of these lands.

Counsel for appellant, however, referred us to the records in other cases which have come to this court; and insisted that by the facts appearing in them it is clear that the intervenors were not entitled to priority. It is enough to say that those facts are not before us. It is true, that in this record after the entry of the final decree of foreclosure, of November 12, 1885, there is found this stipulation: "It is hereby stipulated that the testimony heretofore taken and filed in this cause, under the reference to A. J. Ricks, special master, may be used in any future litigation touching Toledo terminal property, with the same effect as though originally taken therein, each party to such future litigation reserving the right to take additional testimony if so advised; and the purchaser at foreclosure sale shall take subject to this provision, and shall be deemed to have assented thereto." But that stipulation does not bring into this record all the testimony referred to; and which, as counsel say, may be found in the other records. What part of such testimony was used in the hearing of this intervention is not disclosed; nor whether any additional testimony was taken. The stipulation only gives permission to use such testimony. But how do we know that any of it was used? But, further, it is signed by no one, and in terms names no one, and so could of course be binding only upon the parties to the record, and those who in fact assented to it. While Luce and Newton, the intervenors, were named in the amended bill of complaint in the Indiana court as parties defendant, there is nothing to show that they were ever served with process, or ever appeared or answered. More than that, by the final decree of foreclosure, entered November 12, 1885, Luce and Newton, with others, were dismissed from the case as parties defendant. So, summing this up, there is nothing to show that Luce and Newton were ever in fact parties to the litigation in the Indiana court. It appears affirmatively that if they ever were served with process or appeared, they were dismissed before this stipulation was entered into, and that they did not sign it. Hence, it was not binding upon them,

nor could it be invoked as against them by Kneeland, the purchaser. The case then is one of a claim apparently good, sustained by the decree of the trial court, and brought here for review without any of the testimony introduced in the trial court, and upon which its decree was based. Of course on such a record no error can be adjudged.

The decree is

*Affirmed.*

The CHIEF JUSTICE, MR. JUSTICE BRADLEY and MR. JUSTICE GRAY did not hear the argument nor take part in the decision of this case.