## LIFE & CASUALTY INS. CO. v. CITY OF FLORALA, ALA., et al.

No. 6529.

Circuit Court of Appeals, Fifth Circuit.

Feb. 9, 1933.

Rehearing Denied March 8, 1933.

196

Moreau P. Estes, of Nashville, Tenn., for appellant.

Frank J. Mizell, Jr., of Florala, Ala., and M. S. Carmichael, of Montgomery, Ala., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant brought this suit on street improvement bonds issued by the city of Florala, an Alabama municipal corporation having a population of less than 6,000, against that municipality and sundry individuals and corporations alleged to be the owners of property against which were levied assessments, the amounts of which were applicable to the payment of the principal and interest of those bonds. Each of those bonds contained the following provision: "This Bond and the Interest Coupons hereto attached is a lien only against the property improved as aforesaid under said ordinance and Resolutions and as provided by the Laws of the State of Alabama, and against the funds to be collected from the assessments levied against the property improved, and this Bond and the Interest Coupons attached are payable solely from the said assessments so collected and not otherwise, this Bond and Coupons not being the general obligation of the City of Florala, Alabama, nor shall said City be in any way liable to the holder hereof, in case of failure to collect the same, as provided by section 2227, Code of Alabama, 1923, and the owner of this Bond shall have all right, title and interest in and to said assessments and the lien against the property assessed with full power to enforce the collection of the said assessments, as is conferred by said section 2227, Code of Alabama, 1923." The court rendered a decree which granted relief prayed for. That decree is complained of in so far as it adjudged as follows: (1) That assessments against described lots· were not enforceable because there was located on that property the city school building belonging to the city of Florala and being used for public purposes; (2) that appellant was not entitled to recover from said city the amount collected on assessments which was applicable on the bonds owned by the appellant but wrongfully was paid to persons other than the appellant; (3) that said municipality was not liable under an agreement entered into in its name by the governing body which purported to obligate the municipality to pay 25 per cent. of the amount of specified assessments, the amounts of which were applicable on the bonds sued on.

■ "All property, real or personal, belonging to the several counties or municipal corporations in this state, and used for county or municipal purposes, shall be exempt from levy and sale under any process, judgment or decree whatsoever." Code of Alabama, 1923, § 7889. We do not understand that the proposition that a street improvement assessment against property of a municipality which is used for school purposes is unenforceable is controverted. Mayor, etc., of Birmingham v. Rumsey & Co., 63 Ala. 352. The part of the decree which adjudged that described property was not subject to be sold to pay assessments against that property was criticised principally on the ground that there was no evidence that the city school was located on that property. In this connection attention was called in argument to the failure of the following stipulation to describe or identify the property on which the city school building was located: "It is stipulated by and between plaintiff and defendant, City of Florala, that the city school building (the elementary school) and lot on which it is situate are used for school purposes, were so used before any of the paving was done and have been so used since long before paving was done and each and every year up to the present time and is now being so used." For the appellant it was contended that the court

assumed without proof that the city school was located on the property which was adjudged not to be subject to be sold to pay assessments against that property. We think that contention is not sustainable. The record does not show upon what evidence the case was submitted for decision. The parties entered into stipulations which are set out in the record on appeal. It does not appear from any stipulation, or otherwise in the record, that there was anything to preclude any party from introducing, or the court from considering, evidence as to facts not stipulated. The record contains no statement of the evidence in accordance with the provision of Equity Rule 75 (b), 28 USCA § 723. The record not negativing the conclusion that evidence adduced supported a finding that the city school was located on the property which was adjudged not to be subject to be sold to pay assessments, against it, it is to be presumed that there was such evidence. It follows that the record does not show that the court erred in so finding. Kneeland v. Luce, 141 U. S. 437, 12 S. Ct. 39, 35 L. Ed. 808; Corrine Mill, Canal & Stock Co. v. Johnson, 156 U. S. 574, 15 S. Ct. 409, 39 L. Ed. 537. While the ruling now under consideration is not a ground of reversal at the instance of the appellant, the part of the decree dealing with the subject of that ruling is substantially defective for lack of certainty and inconsistency of provisions it contains, in that, while the decree explicitly adjudged that described property is not subject to be sold in this cause, it included that property in describing the property which was decreed to be sold for the payment of said bonds.

The record does not show that any pleading filed by the appellant asserted the claim that said municipality was liable to the appellant for an amount collected on assessments which was applicable to the bonds sued on, but wrongfully was paid to persons other than the appellant. The court granted leave to appellant so to amend its bill as to assert that claim, but the record does not show that the bill was so amended. However, the court in its decree dealt with that claim as if it had been duly asserted, and rejected it. This being so, we prefer to consider on its merits the court's action with reference to that claim, without passing on the question whether the rejection of the claim is or is not sustainable by reason of the failure of the record to show that it was duly asserted.

The power of the municipality to issue the bonds sued on was conferred by the following statute: "Bonds by cities of less than six thousand inhabitants.—Any city, town or other municipal corporation having a population of less than six thousand, and not excepted from the provisions of the constitution prescribing the limit of indebtedness which may be incurred by cities and towns of less than six thousand inhabitants, and having existing indebtedness of such an amount as would preclude such city or town from issuing improvement bonds of the character above described, may, notwithstanding the amount or character of any bond or other indebtedness, issue such bonds, the same to be a lien or charge against property improved and against the funds collected from the assessment levied against the property improved, but shall not be the general obligation of the city or town, nor shall such city or town be in any way liable to the holders of such bonds in the case of failure to collect the same. Such bonds when issued shall convey and transfer to the owners thereof all right, title and interest in and to the assessment, and the lien upon the respective lots or parcels of ground herein provided for, which lien and assessment shall stand as security for such bonds or coupons to enforce the collection thereof by foreclosure in any court of competent jurisdiction. The first bond or coupon holder who institutes a foreclosure suit in any court against any property assessed, shall only be entitled to have the proceeds of said suit applied pro rata to the payment of his own bonds and the bonds held by others, so that not more than one foreclosure suit shall be brought against any one lot or parcel of land. The costs of such foreclosure suit, including a reasonable attorney's fee, where the first bond or coupon holder is represented by an attorney in the foreclosure suit shall be ascertained by the court and deducted from the proceeds of said suit before it is prorated as herein provided." Code of Alabama, 1923, § 2227. The just set out section is included in an article of the Code of Alabama which contains also the following section: "The city official charged with the duty of collecting assessments shall be liable on his official bond to any holder of the bonds authorized to be issued under this article, for any loss or injury to such bond holder caused by the diversion by said officer of any fund or part thereof, to the payment of any bonds or coupons, or indebtedness of the city or town, other than the bonds and interest coupons entitled and indebtedness herein authorized to be paid out of said fund or by the use or misappropriation by said officer of any part of the funds out of which said bonds are re-

quired and contemplated in this article to be paid for any other purpose than provided for in this article; or for the benefit of the city or town or others. And all members of the governing body or bodies of the city or town, who shall, by their vote, or in any other manner, cause, aid, or encourage any such diversion, use, or misappropriation of the funds out of which the bond holders are entitled to be paid, for any other purpose than that authorized and required in this article, whereby loss or injury to the bond holders or any of them is caused, shall be jointly and severally liable to such bond holders injured, to the extent of such loss or injury." Id. § 2230.

The first above set out section explicitly states that bonds thereby authorized shall not be the general obligation of the city or town issuing them, nor shall such city or town be in any way liable to the holders of such bonds in case of failure to collect same. As above indicated, the bonds themselves provide, "nor shall said City be in any way liable to the holder thereof, in case of failure to collect the same." It is to be noted that the statute (section 2227, supra) authorizing the issue of such bonds as those sued on makes it a condition of the existence of the power to do so that the municipality have existing indebtedness of such an amount as would preclude it from issuing improvement bonds of the character described in other referred to statutory provisions. The last above set out section specifically declares who are liable to holders of such bonds for the diversion of funds out of which the bondholders are entitled to be paid to a purpose other than an authorized one. The wrongful diversion of funds was effected by action of officials of the municipality, which could act only through its officials or agents. Under the statutes such officials incurred liability by participating in such action, but they were incapable by such action of rendering the municipality liable for such diversion. We think a plain result of the quoted provisions of the statutes is that the city of Florala was without power to incur the liability asserted by the claim now in question. This conclusion is supported by the decision in the case of Steiner v. Town of Capitol Heights, 213 Ala. 539, 105 So. 682, in which the court ruled adversely on a claim not different in any material respect from the one now in question. That decision was rendered before the bonds

sued on were issued. When the appellant acquired those bonds, it was charged with notice of the statutes which authorized the issue of them, and defined the liability resulting from a wrongful diversion of funds applicable to the payment of them, and that those statutes had been authoritatively construed to forbid the creation of such liability as that which is asserted by the claim now in question. As at the time the bonds sued on were issued and were acquired by the appellant the maker of them was not permitted to incur the liability asserted by the claim now in question, no right ever possessed by the appellant could have been impaired by the statutory provision forbidding the creation of such liability.

It appears from the record that the action purporting to obligate the city of Florala to pay 25 per cent. of the amounts of certain assessments, which amounts were applicable to the payment of the bonds sued on, was taken by the city's governing body after the owners of the properties against which assessments had been made had appealed from such assessments, and while those appeals were pending, and that upon the governing body of the city taking such action the owners of the several properties against which the appealed assessments had been made paid in cash 75 per cent. of the amounts of those assessments. That action of the municipality's governing body purporting to obligate it in the way just mentioned conferred no right which the appellant was entitled to have enforced in this suit plainly appears from the explicit provision of the bonds sued on to the effect that the maker of them was not to be in any way liable to the holders of them, and from the above referred to provision of the statute forbidding the makers of such bonds to be liable in any way to holders thereof.

The record shows no reversible error. The decree appealed from, modified as hereinafter directed, is affirmed. The cause is remanded, with direction that that decree be corrected by striking from the list therein contained of the properties decreed to be sold for the payment of bonds described property which by that decree was adjudged not to be subject to be sold in this cause by reason of it being devoted to a public use and being exempt from such sale.

Modified and affirmed.