## RAYLITE ELECTRIC CORPORATION v. NOMA ELECTRIC CORPORATION (OTIS, Intervener).

No. 45, Docket 21067.

United States Court of Appeals Second Circuit.

Nov. 29, 1948.

See also 7 F.R.D. 239.

Pennie, Edmonds, Morton & Barrows, of New York City (Lewis Barnett and Daniel V. Mahoney, both of New York City, of counsel), for appellant.

Byerly, Townsend & Watson, of New York City (Ralph M. Watson, of New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This action for a declaratory judgment was brought by the plaintiff (Raylite) against the defendant (Noma) because of a controversy between them with respect to three patents of which Noma was an exclusive licensee.[1] Raylite was manufacturing and offering for sale "ornamental illuminated bubbling devices" which Noma had claimed by letters to Raylite and its customers to be infringements of each of the three Otis patents. Raylite disputed infringement and asserted that the patents were invalid. By its amended complaint it sought judicial declarations to this effect and an injunction to restrain Noma from claiming infringement. Noma filed an answer and a counterclaim. They are not included in the record on appeal but the parties are in agreement in stating that Noma's answer failed to deny the allegations of invalidity and non-infringement with respect to two of the patents and that its counterclaim charged infringement of only the third patent No. 2,383,941. Raylite moved for summary judgment with respect to the other two patents but its motion was denied on June 19, 1947. From this order Raylite took an appeal. Thereafter Raylite and Noma entered into a stipulation withdrawing the appeal, permitting Noma to amend its answer to deny

---

[1] The patents involved are Reissue No. 22,289, No. 2,353,063 and No. 2,383,941, all granted to Carl W. Otis.

invalidity, but not non-infringement, and consenting to entry of a judgment that the two patents were not infringed by Raylite's device and to an injunction restraining Noma from asserting the contrary.[2]

Meanwhile, on July 25, 1947, the patent owner, Otis, was allowed to intervene "without prejudice to the proceedings which have previously been had herein," and to file an answer and counterclaim. His answer denied the plaintiff's allegations of invalidity and non-infringement but his counterclaim asserted infringement by the plaintiff's device of only patent No. 2,383,941. Upon the pleadings and the consent judgment against Noma, the plaintiff moved for a summary judgment against the intervener with respect to the two patents other than 2,383,941 and for an injunction restraining him from asserting that the plaintiff is infringing them. This motion was denied by an order entered May 5, 1948, from which the plaintiff has appealed.

■ The order on appeal, although interlocutory, is within our appellate jurisdiction because it denied the plaintiff an injunction. 28 U.S.C.A. § 227 [now § 1292].

■ It seems obvious that the plaintiff's case as against the intervener cannot be aided by the consent judgment obtained against the original defendant. In Kneeland v. Luce, 141 U.S. 437, 12 S.Ct. 39, 35 L.Ed. 808, it was held that a stipulation between the original parties to the action could not bind interveners who did not sign it and came into the case afterwards. A fortiori a stipulation signed after an intervener has entered cannot affect his rights, for an intervener comes into the case in the condition in which it stands at the time of intervention. A consent judgment binds only the parties consenting to it. Botz v. Helvering, 8 Cir., 134 F.2d 538, 545; Labarre v. Burton-Swartz Cypress Co., 126 La. 982, 53 So. 113. In the latter case the court said 53 So. at page 117:

"As relates to the compromise made between plaintiff and defendant terminating the litigation between them: The intervener having a standing in court, as we have decided, it follows that no compromise can be entered into between plaintiff and defendant affecting his rights."

Raylite's rights as against the intervener must be determined without regard to the consent judgment.

■ When Otis was granted intervention, the district court had already decided by its order of June 19, 1947, that Raylite was not entitled to a summary judgment against Noma with respect to the two patents which Noma's answer had admitted were not infringed by Raylite's product. Possibly that admission would have justified the court in enjoining Noma from again making claims of infringement. See Caterpillar Tractor Co. v. International Harvester Co., 9 Cir., 106 F.2d 769, 775; Allegheny Steel & Brass Corp. v. Elting, 7 Cir., 141 F.2d 148, 149. But whether the order of June 19th was right or wrong, we cannot see how Noma's admission of non-infringement can be used to bolster the plaintiff's case against Otis. The right to intervene under Federal Rules of Civil Procedure rule 24(b) (2), 28 U.S.C.A. presupposes that the intervener has a right to protect which is not subject to the disposition of the parties already in the case. The plaintiff's right to summary relief against the intervener must turn on whether his answer to the complaint raises any disputed issue of fact. We think it does. The answer denied that the three patents are invalid, as alleged in paragraph 7 of the complaint, and denied the allegations of paragraph 14 as to non-infringement. The fact that his counterclaim sought an affirmative judgment of infringement as to only one of the three patents, does not, in our opinion, eliminate his denial of the allegations of invalidity and non-infringement as to the other two.

Order affirmed.

[2] This judgment was entered January 12, 1948. It has not been included in the record on appeal but is described in an affidavit which is in the record.