Lyndon LaROUCHE, Jr., et al.,
Plaintiffs-Appellees,

Maxine Lowell, Proposed
Intervenor-Appellant,

v.

FEDERAL BUREAU OF INVESTIGA-
TION, Defendant-Appellee.

No. 124, Docket 81–6106.

United States Court of Appeals,
Second Circuit.

Argued Oct. 2, 1981.

Decided April 28, 1982.

Charles S. Sims, New York City (American Civil Liberties Union Foundation, New York City), for proposed intervenor-appellant.

Mayer Morganroth, Southfield, Mich. (Joseph M. Weitzman, New York City, of counsel), for plaintiffs-appellees.

Susan M. Campbell, Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty., Leslie R. Bennett and Michael H. Dolinger, Asst. U. S. Attys., New York City, of counsel), for defendant-appellee.

Before MOORE, TIMBERS and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York denying a Rule 24 motion to intervene. For the reasons discussed below, we hold that appellant was entitled to intervene as a matter of right, and reverse with instructions to permit intervention.

In December 1975, Lyndon LaRouche and several other individuals associated with the National Conference of Labor Committees (NCLC) sued the FBI and two of its officers, claiming that the FBI had conducted an unlawful investigation of the NCLC. Pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), plaintiffs sought to obtain copies of FBI documents associated with the allegedly illegal investigation. On February 16, 1977, the district court dismissed plaintiffs' non-FOIA claims against the FBI and stayed the FOIA claims pending FBI review of the requested documents. The FBI subsequently released 6,138 pages of materials to plaintiffs. Copies of most of the documents were placed in the FBI Reading Room, pursuant to the underlying policy of the FOIA that non-exempt material is disclosable to the public generally. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975).

In July 1978, plaintiffs became aware that the information released to them also had been made available to the public. Reversing their original position, plaintiffs then sought to enjoin the FBI from publicly disclosing the previously requested documents. The Bureau contested the proposed injunction but eventually agreed to with-hold release of the materials pending final disposition of the litigation. A stipulated order to that effect was signed by the district court judge on March 5, 1979.

On February 18, 1981, appellant Maxine Lowell requested access to FBI files concerning the NCLC. Anticipating that the FBI would deny her request because of the March 5, 1979 order, appellant moved to intervene. Plaintiffs opposed appellant's motion; the FBI did not. The district court denied the motion, and this appeal followed.

■ In order to establish a right to intervene under Rule 24(a)(2), appellant was required to show that her application was timely, that she had an interest in the subject of the action, that disposition of the action might as a practical matter impair her interest, and that representation by existing parties would not adequately protect that interest. *United States Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). We believe that appellant has satisfied each of these requirements.

Although appellant did not seek to intervene until almost two years after the March 5, 1979 order, under the circumstances of this case, *see Natural Resources Defense Council v. Costle*, 561 F.2d 904, 907 (D.C.Cir. 1977), her motion was not untimely. The delay was attributable in large measure to appellant's ignorance of the LaRouche suit and the possibility that it might jeopardize her rights. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394, 97 S.Ct. 2464, 2469, 53 L.Ed.2d 423 (1977). The lapse of time has not resulted in any prejudice of substance to the parties. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977). Intervention will neither interfere with the orderly processes of the court, *United States v. Allegheny-Ludlum Industries, Inc.*, 553 F.2d 451, 453 (5th Cir. 1977), *cert. denied*, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978), nor prejudice the rights of the parties. *McDonald v. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970). Because little progress has been made in the under-

lying action, intervention will not necessitate repetitive discovery or undue delay. The fact that appellant properly seeks intervention as a matter of right also militates in favor of a finding of timeliness. *EEOC v. United Airlines, Inc.,* 515 F.2d 946, 949 (7th Cir. 1975).

■ Appellant has demonstrated that she has a recognizable interest in the litigation. The FOIA provides that each agency, upon proper requests for records, "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3). The Act creates in clear language a "judicially enforceable public right to secure such information from possibly unwilling official hands." *Environmental Protection Agency v. Mink,* 410 U.S. 73, 79–80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973); *see Department of the Air Force v. Rose,* 425 U.S. 352, 360–62, 96 S.Ct. 1592, 1598–99, 48 L.Ed.2d 11 (1976); 5 U.S.C. § 552(a)(4). Where, as here, a member of the public is being foreclosed from exercising that right by an order entered pursuant to stipulation in litigation to which she is not a party, her effective remedy, perhaps her only one, is by way of intervention. *See GTE Sylvania, Inc. v. Consumers Union,* 445 U.S. 375, 378, 100 S.Ct. 1194, 1197, 63 L.Ed.2d 467 (1980); *Atlantis Development Corp. v. United States,* 379 F.2d 818, 828–29 (5th Cir. 1967).

Appellant has carried the minimal burden required for a showing that representation by the existing parties may be inadequate. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636 n.10, 30 L.Ed.2d 686 (1972). Plaintiffs' interests are concededly antagonistic to those of appellant. Although the FBI professes willingness to comply with its responsibility to disclose non-exempt materials, it has no compelling interest in disclosure. Indeed, if plaintiffs' allegations concerning FBI wrongdoing are correct, the Bureau may have an incentive to protect itself from embarrassment by not disclosing damaging evidence about its agents' misdeeds. *Weis-*

*berg v. United States Department of Justice,* 631 F.2d 824, 829 n.37 (D.C.Cir.1980). Clearly, the FBI's primary interest is in the defense of the liability claims, not the disclosure of documents. *See Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action,* 558 F.2d 861, 870 (8th Cir. 1977). Appellant has made a sufficient showing that her interests may be inadequately represented by existing parties. *Hodgson v. United Mine Workers,* 473 F.2d 118, 130 (D.C.Cir.1972).

We find no merit in plaintiffs-appellees' contention that it would have been "pointless" for the district court to have granted intervention, because appellant would have been bound in any event by the March 5, 1979 injunction order. An order entered by consent or stipulation is binding upon the consenting parties only. *See Kneeland v. Luce,* 141 U.S. 437, 440–41, 12 S.Ct. 39, 40, 35 L.Ed. 808 (1891); *Madison Square Garden Boxing, Inc. v. Shavers,* 562 F.2d 141, 143 (2d Cir. 1977); *Raylite Electric Corp. v. Noma Electric Corp.,* 170 F.2d 914, 915 (2d Cir. 1948).

■ In holding, as we do, that appellant is entitled to intervene, we do not predetermine the substantive merits of her claimed right to immediate disclosure. We hold only that she has a present right to be heard and a consequent right to appeal. *Shore v. Parklane Hosiery Co., Inc.,* 606 F.2d 354, 356 (2d Cir. 1979).

Reversed.