NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4296
_____


WILLIAM J. BRENNAN,

                                        Appellant

v.

WILLIAM PATERSON COLLEGE; TOWNSHIP OF WAYNE;
BRIAN GORSKI; SANDRA L. MILLER; JOHN DOES 1-5,
being agents, servants and employees of each as a continuing
investigation may reveal; JOHN DOES 5-10, who are fictitiously
named because their true identities are unknown
_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 11-cv-06101)
Hon. Faith S. Hochberg, District Judge
_____


Argued June 26, 2012

BEFORE:  FISHER and GREENBERG, Circuit Judges,
and OLIVER, District Judge*

(Filed:  August 14, 2012)
_____



_____
*Honorable Solomon Oliver, Jr., Chief Judge of the United States District Court for the
Northern District of Ohio, sitting by designation.

Donald F. Burke (argued)
45 Gale Road
Brick, NJ 08723
        Attorney for Appellant

Jeffrey S. Chiesa
Attorney General of New Jersey
Lewis A. Scheindlin
Assistant Attorney General
Melissa T. Dutton (argued)
Deputy Attorney General
Richard J. Hughes Justice Complex
Trenton, NJ 08625-0000

        Attorneys for Appellees William Paterson
        University, Brian Gorski and Sandra L. Miller

Joseph Michael Morris, III (argued)
McElroy, Deutsch, Mulvaney & Carpenter
100 Mulberry Street
Three Gateway Center
Newark, NJ 07102-0000

        Attorney for Appellee Township of Wayne

_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

## I.     INTRODUCTION

This matter comes on before this Court on an appeal from a November 3, 2011 order of the District Court denying plaintiff William J. Brennan's motion for a preliminary injunction in this action in which he alleges that the defendants, the Township of Wayne ("Township") and William Paterson University ("WPU"), a New

Jersey state university located in the Township, in violation of the First Amendment and other state and federal law, illegally denied him permission on two occasions to use public access cable television channels the defendants control to air episodes of the television program, "The New Jersey Civil Circus." Brennan produces this program, which is devoted to airing political commentary. The defendants denied him permission the first time because they regarded some of the material in the episode that he sought to air to be offensive and because the episode disclosed a private telephone number. They denied him permission the second time because he had become a candidate for an elected office and a Township ordinance precludes such candidates from hosting or producing programming on its channels. In addition to the Township and WPU, Brennan included as defendants WPU officials Brian Gorski and Sandra Miller, the WPU representatives who informed Brennan that WPU would not air his requested programming. We refer to WPU, Gorski, and Miller collectively as the WPU Defendants. For the following reasons, we will dismiss this appeal as moot.[1]

## II.    FACTS AND PROCEDURAL HISTORY

Over the last several decades, cable operators have set aside channel capacity for the creation of public, governmental, and educational access channels ("PEG channels") for municipalities in exchange for the municipalities awarding them cable franchises. See Denver Area Educ. Telecomm. Consortium, Inc. v. FCC, 518 U.S. 727, 760, 116

---

[1] On July 2, 2012, about one week after oral argument on this appeal, the WPU Defendants filed a motion to dismiss the appeal as moot. Brennan opposed the motion but in accordance with this opinion we now grant the motion.

3

S.Ct. 2374, 2394 (1996). Cablevision supplies cable television within the Township, and provides two PEG channels—76 and 77—to the Township through a franchise agreement with the Township. The Township uses channel 77 for public and governmental purposes and allows WPU access to channel 76 for public and educational purposes.

Prior to October 1, 2010, Brennan, a Township resident, submitted an episode of the New Jersey Civil Circus referred to as episode 1, for airing on WPU's channel. In response, on October 1, 2010, Gorski e-mailed Brennan and advised him that after "conversations with our Cable Advisory Board," he had decided that WPU's channel would not air this episode because it contained the word "tits" and mentioned a private phone number thus violating WPU's "general rules of conduct." App. at 24. In the e-mail, Gorski stated that WPU would "be happy to re-review [Brennan's] programming request" if those issues were remedied. Id.

On April 28, 2011, Brennan submitted another episode — "episode 3" — to WPU for broadcast.[2] But shortly thereafter on May 1, 2011, he declared his candidacy for the New Jersey State Assembly. On June 2, 2011, Miller notified Brennan that WPU, which "abide[s] by the Township of Wayne's code concerning cable TV," app. at 26, could not air episode 3 because of Township Ordinance Chapter 5A-8 ("Ordinance 5A-8"), which states in relevant part: "A host/coproducer who becomes a candidate [for public office]

---

[2] The record does not seem to explain if there was an episode 2 and if so what happened to it. We also note that the record is somewhat confusing with respect to the division of administrative responsibility between the Township and WPU with respect to channels 76 and 77 as it appears that WPU directly operated channel 76 but apparently had some authority over channel 77 as well. For our purposes, however, the distinction is immaterial so we do not explore it further.

will not be permitted to have a role in the production of [a] program." Id. at 112.[3]

Eventually, however, the Township changed its position with respect to episode 3, thereby causing the New Jersey Attorney General on October 28, 2011, as counsel for WPU, to write to Brennan's counsel informing him that "[t]he University was advised by the Township of Wayne by letter dated October 27, 2011 that Ordinance 5A-8 does not permit it to deny access of [episode 3] . . . . Based on the position now taken by the Township, you are advised that the University, without waiving any privileges, will air [e]pisode 3." Id. at 68.[4] The letter also informed Brennan's counsel that WPU was reviewing Brennan's request to air episode 4 of his television program pursuant to "the University's general rules of conduct," and that it first had to be submitted to WPU's Cable Advisory Board. Id. at 69. WPU represents that it did air episode 4, and it is unaware as to whether Brennan submitted any other episodes for review.

On October 17, 2011, Brennan filed this action in the District Court against the Township and WPU seeking injunctive relief and damages by reason of the alleged unlawful refusal of WPU[5] to broadcast his programs under the applicable code of

---

[3] The ordinance is available at http://clerkshq.com/default.ashx?clientsite=Wayne-nj.

[4] It is unclear from the record why WPU and the Township determined that they would not enforce the ordinance against Brennan, but at oral argument the Township's attorney indicated it had been "advised of the constitutional issues and concerns with the ordinance."

[5] The WPU Defendants acknowledge that they are state actors for purposes of section 1983 and the First Amendment. See Democratic Nat'l Comm. v. Republican Nat'l Comm., 673 F.3d 192, 200 (3d Cir. 2012) ("[T]he First Amendment applies only to state actions."); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010) ("To prevail on a § 1983 claim, a plaintiff must allege that the defendant

conduct, and challenging the constitutionality of Ordinance 5A-8. Asserting claims under 42 U.S.C. § 1983, the New Jersey Constitution, and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 et seq., Brennan claimed that Ordinance 5A-8 violates the First Amendment and the New Jersey Constitution's free speech and free assembly provisions because it is a content-based prior restraint on speech and is unconstitutionally vague.

Brennan also advanced another claim that defendants' "censorship" of his programs under Ordinance 5A-8 and the code of conduct violated the free speech provisions of the federal and New Jersey constitutions. Finally, Brennan's complaint contended that defendants' action in denying him access to the Township's channels violated the Cable Communications Policy Act of 1984, codified as amended at 47 U.S.C. § 531 et. seq. (the "Cable Act"), which authorizes local governments' cable franchising authorities to require cable operators to set aside cable channels for "public, educational or governmental use," 47 U.S.C. § 531(a), and provides, as relevant here, that "a cable operator shall not exercise any editorial control over any public, educational, or governmental use of channel capacity." Id. § 531(e).

On the day that Brennan filed his complaint, he filed a motion asking the District Court to enter a preliminary injunction that provided:

---

acted under color of state law, in other words, that there was state action."). Accordingly, we accept Brennan's allegation that the WPU Defendants are state actors for purposes of this appeal. See San Filippo v. Bongiovanni, 961 F.2d 1125, 1134 n.12 (3d Cir. 1992) ("It is clear that Rutgers, as a state university, is a state actor.").

(1) [Defendants were preliminarily enjoined] from denying access to plaintiff William J. Brennan to the Wayne Township public access cable television channel to broadcast his show 'The New Jersey Civil Circus'; and

(2) [D]efendants . . . allow plaintiff William J. Brennan immediate access to the Wayne Township public access cable television channels 76 and 77 to broadcast his show 'The New Jersey Civil Circus'; and [stating that]

(3) Defendants are temporarily enjoined from applying the Ordinance [Chapter 5A-8] of the Township of Wayne to deny access to the public access cable television they operate and control.

App. at 45. The WPU Defendants opposed the motion but the Township merely submitted a letter to the District Court "in lieu of formal opposition" asserting that Brennan's motion was moot with respect to the Township because it had agreed to air the episodes of The New Jersey Civil Circus that Brennan sought to air and because it agreed not to enforce Ordinance 5A-8 against him. App. at 70-71.

The District Court on November 3, 2011, denied Brennan's motion for a preliminary injunction in a footnoted order. The Court held that Brennan was unlikely to succeed on the merits because the WPU's cable channel was a "limited" or "designated" public forum, so that WPU could place reasonable restrictions on the programs aired on the channel to ensure that the channel be used in a way that was consistent with its educational mission. See Kreimer v. Bureau of Police for Town of Morristown, 958 F.2d 1242, 1262 (3d Cir. 1992) (holding that a governmental entity "is obligated only to permit the public to exercise rights that are consistent with the nature of [the governmental entity] and consistent with the government's intent in designating [the governmental entity] as a public forum"). The Court also held that Brennan was unlikely

7

to prevail on his Cable Act claim because WPU "is neither a cable operator nor a franchising authority" as defined by the Cable Act. App. at 4. Finally, the Court determined that Brennan would not suffer irreparable harm from the denial of the motion for a preliminary injunction because WPU "first declined to air Plaintiff's episode 1 in October 2010; Plaintiff fails to prove how he would be irreparably harmed now, a year later." Id.[6]

On November 30, 2011, Brennan appealed from the District Court's November 3 order. While this appeal was pending, the WPU Defendants on January 17, 2012, filed a motion to dismiss the action insofar as it was against them in the District Court, arguing, inter alia, that WPU's restrictions on Brennan's content were reasonable under the First Amendment. The WPU Defendants further contended that private persons cannot assert a right of action under the Cable Act and that Gorski and Miller were entitled to qualified

---

[6] The District Court's November 3, 2011 order did not specifically address Brennan's claims with regard to the Township, but inasmuch as the order denied his motion seeking a preliminary injunction in its entirety by its terms the order applied to all of the defendants. The order, however, seems to be internally inconsistent for although Brennan moved for a preliminary injunction, the order contained language suggesting that the Court was considering a motion for a temporary restraining order though it denied a motion for a preliminary injunction. Thus, the order indicated that "temporary restraints, like those requested here, will only be granted if there is a possibility that irreparable injury will occur before a hearing on the preliminary injunction" but the last sentence in the order recited that "Plaintiff's request for a preliminary injunction is denied." This distinction is important because an order denying a motion for a temporary restraining order as distinguished from an order denying a motion for a preliminary injunction generally is not appealable. See Robinson v. Lehman, 771 F.2d 772, 782 (3d Cir. 1985). The parties, though undoubtedly aware of this inconsistent language, have treated this case as involving an appeal from an order denying a motion for a preliminary injunction and, after our review of the record, we agree that the District Court intended to deny a motion for a preliminary injunction.

8

immunity from damages in this action. On March 27, 2012, the District Court granted the WPU Defendants' motion and dismissed all claims against them. See Brennan v. William Paterson Coll., D.C. Civil No. 11-6101 (D.N.J. Mar. 20, 2012). Accordingly, the Township has remained as the only defendant in the District Court.

III.    JURISDICTION

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. Brennan appealed from the District Court's order under 28 U.S.C. § 1292(a)(1), which allows an interlocutory appeal as a matter of right from an order denying a preliminary injunction. However, both sets of defendants contend, though for different reasons, that this appeal is moot. We agree, and will dismiss this appeal.

Our jurisdictional inquiry must precede any discussion of the merits, for if a court lacks jurisdiction as, for example, when a case is moot, but the court nevertheless addresses the merits of the case, it goes "beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998). Thus, if we determine that the appeal is moot and we therefore do not have jurisdiction, our "only function remaining [will be] that of announcing the fact and dismissing the cause." Id. at 94, 118 S.Ct. at 1012 (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868)).

A.    The WPU Defendants

A plaintiff must have Article III standing to seek a preliminary injunction and if he does not have such standing we are without jurisdiction to entertain his appeal from an

9

order denying his motion for that relief beyond reviewing the aspect of the order holding that he does not have standing. A plaintiff must establish three elements to have standing:

> (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (quoting United States v. Hays, 515 U.S. 737, 743, 115 S.Ct. 2431, 2435 (1995)). The principles of standing and mootness and thus of jurisdiction are complementary because "[a] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Donovan ex. rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir. 2003) (citation and internal quotation marks omitted). In particular, "[t]he availability of declaratory and injunctive relief depends on whether there is a live dispute between the parties." Powell v. McCormack, 395 U.S. 486, 517-18, 89 S.Ct. 1944, 1962 (1969) (alteration omitted). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). The "requirement that a case or controversy be actual and ongoing extends throughout all stages of federal judicial proceedings, including appellate review." Donovan, 336 F.3d at 216 (citation, internal quotation marks, and alteration omitted).

10

This appeal is moot with respect to the order denying Brennan's motion for a preliminary injunction against the WPU Defendants from which he has appealed because the District Court has dismissed those defendants from the case during the pendency of this appeal.[7] We have observed that an "interlocutory appeal from the denial of [a] motion for a preliminary injunction [is] rendered moot by the issuance of [a] district court's final order on the merits." Hankins v. Temple Univ., 829 F.2d 437, 438 n.1 (3d Cir. 1987). Accordingly, in Hankins, though we entertained the plaintiff's appeal from a grant of summary judgment against her, we declined to "address the propriety of the district court's [previous] denial of [the plaintiff's] motion for preliminary injunctive relief." Id; see also Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 314, 119 S.Ct. 1961, 1966 (1999) ("Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter.").

A court may enter a preliminary injunction as a temporary measure to maintain the status quo until the court renders its ultimate decision on the merits. Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997). Accordingly, if the District Court had granted Brennan's motion and had entered a preliminary injunction as he had sought, the injunction would have terminated with respect to the WPU Defendants when the Court

---

[7] "Although an appeal usually deprives the district court of jurisdiction to proceed, an appeal under 28 U.S.C. § 1292(a)(1) from the denial of an interlocutory injunction is an exception to that norm." In re Mann, 311 F.3d 788, 793 (7th Cir. 2002). Thus, the District Court retained jurisdiction over the case with respect to all defendants when it dismissed the WPU Defendants.

entered its judgment in their favor. In granting the WPU Defendants' motion to dismiss after Brennan appealed, the Court decided the same issues that it previously had decided when it denied Brennan's motion for a preliminary injunction.[8] In particular, it again cited to our decision in Kreimer and concluded that WPU imposed reasonable restrictions on Brennan's programming in light of Channel 76's educational purpose. It would be strange for us to reverse the order denying the motion for a preliminary injunction for if we did so we would have to conclude that Brennan had demonstrated a likelihood of success on the merits against the WPU Defendants even though he already had been unsuccessful against them at the final stage of the case in the District Court.

Inasmuch as the District Court has rendered its final ruling on the merits in the WPU Defendants' favor, the question of whether the Court correctly denied Brennan's motion for a preliminary injunction against the WPU Defendants is moot and thus we lack jurisdiction to entertain this appeal on the merits with respect to those defendants. Though Brennan correctly argues that we have jurisdiction over an appeal from the denial of his motion for a preliminary injunction under 28 U.S.C. § 1292(a)(1), that argument misses the point. Section 1292(a)(1) is a limited exception to the final judgment rule, only available to "[permit] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable consequence." Carson v. Am. Brands, Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 996 (1981) (quoting Balt. Contractors, Inc. v. Bodinger, 348 U.S. 176,

---

[8] We are not implying that our result would be different if the District Court had dismissed the case for reasons distinct from those to which it referred when it denied the motion for a preliminary injunction. Rather, we merely are stating what actually happened.

12

181, 75 S.Ct. 249, 252 (1955)). It therefore follows that when, as here, a district court enters a final judgment on the merits, an appeal under section 1292(a)(1) from an earlier order denying a preliminary injunction would serve no purpose and, though the earlier order ordinarily would be appealable, in that circumstance the appeal has become moot. See U.S. Phillips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1093 (9th Cir. 2010) ("A preliminary injunction imposed according to the procedures outlined in Federal Rule of Civil Procedure 65 dissolves ipso facto when a final judgment is entered in the cause"); Madison Square Garden Boxing, Inc. v. Shavers, 562 F.2d 141, 144 (2d Cir. 1977) ("With the entry of the final judgment, the life of the preliminary injunction [comes] to an end, and it no longer [has] a binding effect on any one. The preliminary injunction [is] by its very nature interlocutory, tentative and impermanent.").

B.      Wayne Township

As it did before the District Court, the Township argues that Brennan's motion for a preliminary injunction and thus of Brennan's appeal from the order denying that motion are moot insofar as the Township is a party because it agreed not to enforce Ordinance 5A-8 with respect to Brennan. We agree.

The record indicates that although Brennan was a candidate for public office when he filed his motion for a preliminary injunction he no longer is such a candidate. We recognize that Brennan argues that this controversy is not moot because this case presents a question that falls within the "capable of repetition, yet evading review" exception to the usual rule requiring that a court dismiss a moot case. "The exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation

13

or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Fed. Election Comm'n v. Wis. Right to Life, Inc., 551 U.S. 449, 462, 127 S.Ct. 2652, 2662 (2007) (citing Spencer v. Kenma, 523 U.S. 1, 17, 118 S.Ct. 978, 988 (1998)) (internal quotation marks omitted). But the exception for cases "technically moot but 'capable of repetition, yet evading review' is narrow and available 'only in exceptional situations.'" Rendell v. Rumsfeld, 484 F.3d 236, 241 (3d Cir. 2007) (quoting City of L.A. v. Lyons, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669 (1983)).

There is no question that Brennan's case against the Township is "technically moot." Yet some controversies involving elections may fall within the "capable of repetition, yet evading review" exception cases because "it is reasonable to expect political candidates to seek office again in the future," see Belitskus v. Pizzingrilli, 343 F.3d 632, 649 n.11 (3d Cir. 2003), and there sometimes will not be enough time to resolve election disputes before the conclusion of an election cycle, see Merle v. United States, 351 F.3d 92, 94 (3d Cir. 2003). However, "[t]o apply the 'capable of repetition yet evading review' exception to otherwise moot appeals of preliminary injunctions would . . . impermissibly evade the ordinary rule, pursuant to 28 U.S.C. § 1291, that appellate courts review only 'final decisions' of a lower court." Independence Party of Richmond Cnty. v. Graham, 413 F.3d 252, 256 (2d Cir. 2005). As we already have indicated, a preliminary injunction is only a temporary measure intended to prevent irreparable harm while the matter is being litigated. Thus, "[w]here the event giving rise to the necessity of preliminary injunctive relief has passed, the 'harm-preventing function

14

cannot be effectuated by the successful prosecution of an interlocutory appeal from the denial of interim injunctive relief.'" Id. at 256-57 (quoting CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 621 (1st Cir. 1995)).

In this case Brennan's appeal against the Township is moot basically because the election in which he was a candidate long since has been held. But there is more reason to find that the appeal is moot because there is no foundation on which "the capable of repetition, yet evading review" exception to the requirement for dismissal of moot cases could be based inasmuch as Brennan has not represented that he again will be seeking elected public office and, in any event, does not represent that he is doing so now. Furthermore, the Township has agreed that it will not enforce Ordinance 5A-8 against him. Moreover, there is not an extant justiciable controversy between Brennan and the Township before us because any relief we might offer on this appeal from the denial of a preliminary injunction would not serve the temporary, harm-preventing purpose of such an injunction. Finally, Brennan's challenge to Ordinance 5A-8 does not even "evade review" in this very case because he has continued his case against the Township in the District Court and seeks, among other remedies, permanent injunctive relief.[9] If

---

[9] We are not determining that the case he now is pursuing in the District Court is or is not moot in whole or in part. But regardless of whether or not the District Court dismisses the case as moot our result dismissing this appeal would be the same.

15

Brennan's case against the Township is ultimately unsuccessful he, of course, may appeal

anew to this Court pursuant to 28 U.S.C. § 1291.[10]


V.    CONCLUSION

For the reasons given, we will dismiss Brennan's appeal as moot.

---

[10] We are not expressing any opinion as to whether such an appeal would be moot. The answer to that question might depend on the relief Brennan is seeking. See Donovan, 336 F.3d at 216-18.