**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

U.S. PHILIPS CORPORATION, a
Delaware corporation,
    *Plaintiff-Appellant,*

  v.

KBC BANK N.V.,
    *Movant-Appellee,*

  and

KXD TECHNOLOGY, INC., a
California corporation,
    *Defendant.*

No. 08-56296

D.C. No.
2:05-cv-08953-
R-PLA

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
November 2, 2009—Pasadena, California

Filed January 12, 2010

Before: Ronald M. Gould and Carlos T. Bea, Circuit Judges,
and Donald W. Molloy* District Judge.

Opinion by Judge Gould

---

*The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

**COUNSEL**

Sean A. O'Keefe (argued), O'Keefe & Associates Law Corporation, P.C., Newport Beach, California; Robert W. Pitts, Law Office of Robert W. Pitts, Irvine, California, for plaintiff-appellant U.S. Philips Corporation.

James M. Andriola (argued), Reed Smith LLP, New York, New York; Tony L. Richardson, Reed Smith LLP, Los Angeles, California, for intervenor-appellee KBC Bank N.V.

**OPINION**

GOULD, Circuit Judge:

Appellant U.S. Philips ("Philips") appeals the district court's April 28, 2008 order granting non-party Appellee-Intervenor KBC Bank's motion to modify a preliminary injunction freezing the assets of the underlying defendants. We vacate the modification order and remand on an open record for any further proceedings in the district court consistent with this opinion.

**I**

The present appeal derives from a patent infringement action filed in 2005 in the United States District Court for the

Central District of California by Philips against KXD Technology and its affiliates (the "KXD Defendants"). On July 31, 2007, the district court found that the KXD Defendants were "in the process of liquidating and concealing their assets," and granted Philips a temporary restraining order ("TRO") freezing the KXD Defendants' assets. The terms of the TRO prohibited the KXD Defendants and "all persons in active institutions, brokerages, or others in possession or control of their assets" from "directly or indirectly transferring . . . , concealing, secreting, distributing, disposing of, shipping in any way or otherwise hiding assets and making [assets] unavailable to [Philips]." In accordance with the Federal Rules of Civil Procedure, Philips deposited a $50,000 surety bond with the Clerk of Court as a condition for entry of the TRO. *See* Fed. R. Civ. P. 65(c).

On September 17, 2007, the district court entered a preliminary injunction incorporating the terms of the asset-freeze TRO. However, on the same date—September 17, 2007—the district court also entered a default judgment against all KXD Defendants. The default judgment imposed a permanent injunction prohibiting the KXD Defendants from infringing Philips's patents and awarded Philips treble compensatory damages in the amount of $87,765,249. The default judgment did not, however, incorporate the terms of the TRO or preliminary injunction, and it did not impose an ongoing asset freeze on the KXD Defendants. Why the district court entered a preliminary injunction on the same day that it entered a default judgment is unclear, and although the district court ordered the $50,000 bond returned to Philips, the district court did not state its unequivocal intent to dissolve the preliminary injunction.

The KXD Defendants kept accounts in the Singapore and United States branches of Appellee-Intervenor KBC Bank. Between August 1, 2007, and October 26, 2007—after the TRO had been entered—a series of funds transfers were made into those accounts. In total, approximately $2.6 million in

funds were transferred. Some of these transfers may have violated the terms of the TRO, but we cannot be certain, because Philips has never sought relief in the district court to enforce the terms of the TRO.[1]

KBC Bank contends that, despite the TRO, preliminary injunction, and default judgment entered against the KXD Defendants, KBC Bank's contractual and equitable rights, triggered by possession of the $2.6 million in funds, entitle it to "set off" the $2.6 million in funds against $2.86 million in debts owed to KBC Bank by the KXD Defendants. KBC Bank's alleged contractual setoff right stems from a 2006 agreement between KBC Bank and certain KXD Defendants. Whether or not KBC Bank has an *equitable* right of setoff depends on what jurisdiction's banking laws govern the deposited funds.

Philips, on the other hand, insists that the TRO, preliminary injunction, and default judgment entitle Philips to the $2.6 million, and that this entitlement is not subordinated to KBC Bank's asserted contractual and equitable setoff rights.

On March 31, 2008, KBC Bank intervened in the underlying lawsuit between Philips and the KXD Defendants, moving to modify the district court's September 17, 2007 preliminary injunction to permit the bank to exercise its setoff rights regarding the $2.6 million in sequestered funds. The district court granted KBC Bank's motion.[2] Philips appealed, and we have jurisdiction over the interlocutory modification order pursuant to 28 U.S.C. § 1292(a)(1).

On appeal, KBC Bank argues that Philips's appeal is moot because the TRO and preliminary injunction automatically

---

[1]KBC Bank asserts that it has presently sequestered the $2.6 million in funds. Philips has not indicated disagreement with that assertion.

[2]Philips sought reconsideration of the modification order before the district court, and its motion for reconsideration was denied.

terminated on September 17, 2007, when the default judgment was entered. Alternatively, KBC Bank argues that the district court did not abuse its discretion in modifying the TRO and preliminary injunction because KBC Bank's equitable and contractual setoff rights are superior to any rights Philips—a mere judgment creditor—could acquire to the $2.6 million in funds. Philips argues that the preliminary injunction remains in effect, and that in any event, the district court's modification order was an inequitable nunc pro tunc modification of the TRO and preliminary injunction that improperly vitiated whatever rights Philips acquired under those orders.

## II

We review the decision to modify a preliminary injunction for abuse of discretion. *Taylor v. Westly,* 525 F.3d 1288, 1289 (9th Cir. 2008) (per curiam). A district court "necessarily abuses its discretion when it bases its decision on an erroneous legal standard," and therefore issues of law underlying the modification order are reviewed de novo. *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1057 (9th Cir. 2007).

**[1]** Much argument on both sides of this case mistakenly assumes that the preliminary injunction was extant when modified. We restate the controlling rule governing the lifespan of a preliminary injunction: A preliminary injunction imposed according to the procedures outlined in Federal Rule of Civil Procedure 65 dissolves *ipso facto* when a final judgment is entered in the cause. *See Sweeney v. Hanley*, 126 F. 97, 99 (9th Cir. 1903); *see also United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988) ("With the entry of the final judgment, the life of the preliminary injunction came to an end, and it no longer had a binding effect on any one. The preliminary injunction was by its very nature interlocutory, tentative and impermanent." (quoting *Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir. 1977))); *Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1103 (Fed. Cir. 1988) ("[A]lthough a preliminary

injunction is usually not subject to a fixed time limitation, it is *ipso facto* dissolved by a dismissal of the complaint or the entry of a final decree in the cause.") (internal quotation marks omitted); *Cypress Barn, Inc. v. W. Elec. Co.*, 812 F.2d 1363, 1364 (11th Cir. 1987); 11A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2947 (2005). This principle stems from the very purpose of a preliminary injunction, which is to preserve the status quo and the rights of the parties until a final judgment issues in the cause. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) ("A preliminary injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment.").

**[2]** Here, Philips was awarded a default judgment against all defendants in the underlying action on September 17, 2007. The preliminary injunction against the KXD Defendants dissolved at that time. For that reason, it seems to us incorrect to entertain argument about whether the district court's subsequent modification order was permissible. At the time the district court entered that order, there was no preliminary injunction to be modified.

However, we reject KBC Bank's argument that the dissolution of the preliminary injunction renders moot this appeal. The district court entered an order modifying the preliminary injunction at KBC Bank's behest. That modification order is still in effect. However, a modification order entered after a preliminary injunction has dissolved is void *ab initio*, because at that time there was no preliminary injunction to be modified. A district court cannot prospectively modify an injunction that is not in effect, nor may a district court modify a preliminary injunction *nunc pro tunc* retroactively to expand

or vitiate rights the parties have already accrued under an injunction. *See Singh v. Mukasey,* 533 F.3d 1103, 1110 (9th Cir. 2008) ("[T]he power [of a nunc pro tunc order] is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice. It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose." (quoting *United States v. Sumner,* 266 F.3d 1005, 1009-10 (9th Cir. 2000))); *Cypress Barn,* 812 F.2d at 1364 ("The failure of a court to act, or its incorrect action, can never authorize a nunc pro tunc entry. If a court does not render judgment or renders one which is imperfect or improper, it has no power to remedy any of these errors or omissions by treating them as clerical misprisions."); *Crosby v. Mills*, 413 F.2d 1273, 1277 (10th Cir. 1969) ("An order may be entered nunc pro tunc to make the record speak the truth but it cannot supply an order which in fact was not previously made.").

**[3]** If the preliminary injunction is dissolved, then a modification of that preliminary injunction cannot stand, because it was entered in error. The district court's modification order was not entered until April 28, 2008, after the preliminary injunction had dissolved because of the entry of final judgment. The modification order is therefore void, and we vacate it.³

**[4]** Congress empowers us to "remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106. Both parties have an apparent claim to the $2.6 million in funds: Philips

---

³Our holding does not affect Philips's continuing ability to seek damages, through contempt proceedings, for any violations of the TRO and preliminary injunction that may have occurred while those orders were in effect. If any time limit for seeking such relief creates a barrier to a claim by Philips, Philips may seek equitable tolling of any applicable limitations period. Because that issue is not before us now, we express no view on it.

as a judgment creditor, and KBC Bank as a lender. Despite the parties' entreaties, we decline to determine whose claim is superior at this time, because material issues of fact remain unanswered.[4] *Cf. Gemco Latinoamérica, Inc. v. Seiko Time Corp.*, 61 F.3d 94, 101 (1st Cir. 1995) (concluding that there was no way to determine whether a bank's claim to funds was superior to the petitioner's claim "short of a remand, extensive further briefing and probably further fact-finding"). The question whether Philips has a right as a judgment creditor that is superior to rights of the KBC Bank to funds that originated from the KXD Defendants cannot be resolved until factual disputes are resolved at an evidentiary hearing. That evidentiary hearing must arise in the course of a proceeding brought by the parties to adjudicate explicitly their claims to the funds. Such a proceeding is not now before us.

### III

[5] Because the temporary restraining order and preliminary injunction dissolved when the default judgment issued, the district court's subsequent modification order is void ab initio and we vacate it. We remand on an open record for further proceedings in the district court not inconsistent with this opinion.

**VACATED and REMANDED.**

---

[4]These issues include: (1) when KBC Bank first had notice of the TRO, (2) whether Philips has properly executed its judgment in regard to the funds, (3) what jurisdiction the funds were transferred from, (4) what jurisdiction the funds were transferred to, (5) who transferred the funds, (6) which defendant's account received the funds, (7) the respective rights of the KXD Defendants to funds deposited in the KBC Bank accounts in question, and (8) possibly other facts we do not list here, but that the parties or the district court may view as relevant on remand.