**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH CUVIELLO; DENIZ BOLBOL, | No. 10-16949 |
| Plaintiffs - Appellants, | D.C. No. 3:06-cv-05517-MHP |
| v. | |
| CITY OF OAKLAND, a public entity; ALAMEDA COUNTY, a public entity; OAKLAND - ALAMEDA COUNTY COLISEUM AUTHORITY, a public entity; OAKLAND COLISEUM JOINT VENTURE, L.L.C., a foreign corporation; SMG, a foreign corporation; ROBERT VALLADON, Oakland Police Officer; RUDY VILLEGAS, Oakland Police Officer; LEROY ELLIS, Oakland Coliseum Assistant Security Manager "Skeet" Ellis, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and , | |
| FELD ENTERTAINMENT, INC., | |
| Intervenor-Defendant - Appellee. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| JOSEPH CUVIELLO; DENIZ BOLBOL, | No. 10-17009 |
|---|---|
| Plaintiffs - Appellants, | D.C. No. 3:06-cv-05517-MHP |
| v. | |
| CITY OF OAKLAND, a public entity; ALAMEDA COUNTY, a public entity; OAKLAND - ALAMEDA COUNTY COLISEUM AUTHORITY, a public entity; OAKLAND COLISEUM JOINT VENTURE, L.L.C., a foreign corporation; SMG, a foreign corporation; ROBERT VALLADON, Oakland Police Officer; RUDY VILLEGAS, Oakland Police Officer; LEROY ELLIS, Oakland Coliseum Assistant Security Manager "Skeet" Ellis, | |
| Defendants - Appellees, | |
| and | |
| FELD ENTERTAINMENT, INC., | |
| Intervenor-Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted March 15, 2011
San Francisco, California

Before: PAEZ, BERZON, and BEA, Circuit Judges.

2

Plaintiffs-Appellants Joseph Cuviello and Deniz Bolbol ("Plaintiffs") appeal from a district court order denying their motion to modify an existing preliminary injunction and an order granting Defendants-Appellees' ("Defendants") motion to modify the same preliminary injunction. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm both of the district court's orders.

We review for abuse of discretion a district court's decision to modify a preliminary injunction. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010). A district court abuses its discretion when it bases its decision on an erroneous legal standard or on clearly erroneous findings of fact. *Id.*; *ACF Industries Inc. v. California State Bd. of Equalization*, 42 F.3d 1286, 1289 (9th Cir. 1994).

*August 3, 2010 Order*

Plaintiffs first argue that the district court abused its discretion by relying on clearly erroneous findings of fact and by applying erroneous legal standards when it denied Plaintiffs' motion to eliminate the ten-foot buffer zone outside the animal compound entrance. The district court concluded that if the buffer zone were eliminated "1) the entrance would become crowded and potentially unsafe; 2) ease of access for patrons would decrease; and 3) tensions between the parties would

3

escalate." Plaintiffs claim these findings are clearly erroneous. These findings, however, are supported by the video exhibits Plaintiffs submitted and by Aryn Bryant's declaration. We therefore conclude that the district court's findings are not clearly erroneous.

Plaintiffs also argue that the district court erred in denying their motion when it considered Defendants' allegedly speculative congestion concerns. Plaintiffs argue that such concerns are not a legitimate significant governmental interest under this court's decision in *Kuba v. 1-A Agricultural Assoc.*, 387 F.3d 850 (9th Cir. 2004). The issue in *Kuba* was whether the defendants' speculation about congestion in *every* area surrounding the Cow Palace other than zones 200-265 feet away from the entrance constituted a significant governmental interest. By contrast, Plaintiffs' modification motion focused on a buffer zone that is *ten feet* from a main entrance. The district court found—after considering the video evidence and the evidence of friction between Plaintiffs and circus employees—that the buffer zone continued to serve the significant governmental interest of preventing congestion at the main entrance to the animal compound. *See Kuba*, 387 F.3d at 862 ("[t]he closer one gets to the entrance, the more crowded the walkways and driveways will be."). That the district court stated these common sense conclusions using the words "could," "likely," and

4

"potentially" does not make these conclusions equivalent to the speculation this court disapproved of in *Kuba.*

Finally, Plaintiffs argue that the August 3 order is based on an erroneous legal standard because "the district court should have applied strict scrutiny review to the buffer zone." According to Plaintiffs, the buffer zone is a content-based restriction of speech because Defendants availed themselves of the buffer zone to distribute circus materials while Plaintiffs were disallowed from entering this area. Plaintiffs ignore the part of the district court's order which "clarifies that the buffer zone may not be occupied by anybody, regardless of the content of their speech." Accordingly, there is no merit to Plaintiffs' allegation that the district court should have applied strict scrutiny here.

In light of the foregoing, we conclude that the district court did not abuse its discretion in denying Plaintiffs' motion to remove the ten-foot buffer zone outside the entrance to the animal compound. The ten-foot buffer leaves Plaintiffs ample opportunity to exercise their free speech rights by leafleting circus patrons in nearly all of the chute leading up to the entrance.

*August 11, 2010 Order*

Plaintiffs assert that Defendants' desire to move Plaintiffs' animal compound perimeter walkway—so that Defendants could construct a fence around

5

the truck corral for increased security—is not a changed circumstance. Plaintiffs argue that the district court employed an erroneous legal standard and relied on a clearly erroneous finding of fact in concluding otherwise and granting Defendants' modification motion.

The district court concluded that "[s]tricter security measures with respect to access to the truck corral constitute changed circumstances that bear upon whether the restrictions sought by defendants are a valid time, place or manner restriction." The district court proceeded to consider the *Ward* factors and concluded that: (1) the restriction is independent of the content of the speech within the walkway; (2) the elimination is narrowly tailored to serve security, safety and asset protection purposes; and (3) the elimination leaves open ample alternative channels for Plaintiffs' speech. *See Ward v. Rock Against Racism*, 491 U.S. 781 (1989).

We have explained that a "district court has inherent authority to modify a preliminary injunction in consideration of new facts." *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (citing *System Federation No. 91 v. Wright*, 364 U.S. 642, 647-48, (1961) (holding that a district court has "wide discretion" to modify an injunction based on changed circumstances or new facts).

Here, Defendants' security concerns about public access to the truck corral were not new in 2010. However, their desired method of dealing with the security

concerns—a six-foot chain link fence—was new. The district court did not employ an erroneous legal standard or rely on a clearly erroneous finding of fact in concluding the same. Moreover, if Plaintiffs wish to have unfettered access to the animal compound, they are permitted to purchase a ticket to the circus and, like any other patron, photograph or otherwise document what they see inside the animal compound.

Plaintiffs also argue that the district court erred in accepting Defendants' allegedly speculative security concerns. Defendants' security concerns and their security efforts, however, are not comparable to the speculative security concerns that we disapproved of in *Bay Area Peace Navy v. United States*, 914 F.2d 1224 (9th Cir. 1990). In *Peace Navy*, we stated that "[a]lthough the government legitimately asserts that it need not show an actual terrorist attack or serious accident to meet its burden [to show a significant government interest], it is not free to foreclose expressive activity in public areas on mere speculation about danger." 914 F.2d at 1228. Here, the added security does not foreclose Plaintiffs' expressive activity, and concrete objective facts justify Defendants' safety and property concerns about public access to circus vehicles and equipment.

In sum, the district court employed the proper legal standards with respect to changed circumstances, time, place or manner restrictions, and security concerns,

and it did not clearly err in concluding that Defendants' new security method was a changed circumstance. Therefore, the district court did not abuse its discretion in granting Defendants' requested modification to the preliminary injunction.

No. 10-16949 **AFFIRMED.**

No. 10-17009 **AFFIRMED.**