**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

U.S. PHILIPS CORPORATION, a
Delaware corporation,

          Appellant - Movant,

  v.

KBC BANK N.V.,

          Appellee - Respondent.

No. 10-55864

D.C. No. 2:05-cv-08953-R-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 7, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

    U.S. Philips Corporation ("Philips") appeals the district court's order

denying Philips's motion for an order to show cause why KBC Bank N.V. ("KBC

Bank") should not be held in contempt for violating a preliminary injunction and

temporary restraining order freezing the assets of KXD Digital Entertainment Ltd.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and its affiliates (the "KXD Defendants"), against whom a multi-million dollar judgment was entered in a patent infringement action filed by Philips. Philips filed this contempt motion following issuance of the mandate in an earlier appeal in this action, *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1095 n.3 (9th Cir. 2010), in which we stated that Philips had the "continuing ability to seek damages, through contempt proceedings," for violations of the temporary restraining order and preliminary injunction "that may have occurred while those orders were in effect." Philips claims that while the orders were in effect, between August 1, 2007 and October 26, 2007, the KXD Defendants violated the injunction by transferring 2.6 million dollars to KXD accounts held at the branches of KBC Bank, and Philips seeks to recover those sums as a judgment creditor. Though our mandate did not resolve whether these transfers violated the injunction or whether once having received the funds, KBC Bank had the right to "set off" those funds against the debts owed to KBC Bank by the KXD Defendants, we instructed that upon remand the district court was to resolve these issues.

The district court did not abuse its discretion in finding that KBC Bank was not in contempt of its prior order. "A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984) (citing *Neebars, Inc. v. Long Bar Grinding, Inc.*,

2

438 F.2d 47, 48 (9th Cir. 1971)).  In its prior order, the district court enjoined KXD Digital and its affiliates, including its banks from "directly or indirectly transferring (except to Plaintiff as set forth herein), concealing, secreting, distributing, disposing of, shipping in any way or otherwise hiding assets and making unavailable to [Philips] . . . any funds in Defendants' possession, control or in the possession or control of others on behalf of [the KXD Defendants]."  Construing that order, the district court was within its discretion to find that its prior order "imposed no obligation on KBC Bank or any other financial institution to refrain from receiving funds and placing a freeze on those funds."  And if all that KBC Bank had done was to receive funds and freeze them that would have been the end of it.

However, KBC Bank claims the right not only to receive and freeze the funds; it asserts it is entitled to retain those funds as a set-off against funds owed to it by the KXD Defendants.  The district court erred in finding that KBC Bank's rights are superior to Philips's, as a number of factual questions remain unanswered.  Our mandate specifically instructed that whether Philips's right as a judgment creditor is superior to KBC Bank's "cannot be resolved until factual disputes are resolved at an evidentiary hearing."  *U.S. Philips Corp.*, 590 F.3d at 1095.

We therefore remanded the case for the purpose of an evidentiary hearing on issues relevant to the determination of which party held superior rights to the KXD funds, and outlined some of the issues to be resolved:

> (1) when KBC Bank first had notice of the TRO, (2) whether Philips has properly executed its judgment in regard to the funds, (3) what jurisdiction the funds were transferred from, (4) what jurisdiction the funds were transferred to, (5) who transferred the funds, (6) which defendant's account received the funds, (7) the respective rights of the KXD Defendants to funds deposited in the KBC Bank accounts in question, and (8) possibly other facts we do not list here, but that the parties or the district court may view as relevant on remand.

*Id.* at 1095 n.4.

Because the district court failed to conduct an evidentiary hearing and because the record is devoid of any evidence that would support the district court's finding that KBC Bank holds rights superior to those of Philips, we again vacate and remand for further proceedings consistent with this disposition.

**AFFIRMED in part, VACATED in part, and REMANDED.**

**Each party shall bear its own costs.**