RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0009p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

DONALD C. BURNIAC,

*Plaintiff-Appellant,*

*v.*

No. 15-1230

WELLS FARGO BANK, N.A.; UNKNOWN TRUSTEE,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 4:13-cv-12741—Mark A. Goldsmith, District Judge.

Argued: December 3, 2015

Decided and Filed: January 13, 2016

Before: MOORE, CLAY, and GILMAN, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Carson J. Tucker, THE LAW OFFICES OF CARSON J. TUCKER, Ann Arbor, Michigan, for Appellant. Jeffrey C. Gerish, PLUNKETT COONEY, Bloomfield Hills, Michigan, for Appellees. **ON BRIEF:** Carson J. Tucker, THE LAW OFFICES OF CARSON J. TUCKER, Ann Arbor, Michigan, for Appellant. Jeffrey C. Gerish, PLUNKETT COONEY, Bloomfield Hills, Michigan, for Appellees.

———————————

**OPINION**

———————————

RONALD LEE GILMAN, Circuit Judge. Due to unpaid monthly mortgage payments, Donald C. Burniac's residence in Plymouth, Michigan became subject to foreclosure. In May 2013, Burniac filed suit in state court against Wells Fargo Bank, N.A. (Wells Fargo or the Bank)

1

to prevent the foreclosure sale. Burniac's complaint alleged, in part, that the assignment of his mortgage from Washington Mutual Bank (WaMu) to Wells Fargo was invalid.

The state court purportedly entered a default judgment against the Bank and preliminarily enjoined the foreclosure sale. In June 2013, Wells Fargo removed the case to the United States District Court for the Eastern District of Michigan, which subsequently denied Burniac's motion to remand. The district court later granted Wells Fargo's motion for summary judgment.

Burniac has appealed, arguing that the district court committed procedural errors and misapplied state substantive law governing the case. He first contends that the purported default judgment against Wells Fargo and the state court's preliminary injunction prevented the district court from issuing its own summary-judgment order and required remand of the case to the state court. Burniac also asserts that the district court erred in denying his state-law claim alleging that deficiencies in the assignment of his mortgage to Wells Fargo prevented the Bank from foreclosing. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

### A.    Factual background

In 2003, Burniac and his wife executed a mortgage on their home in Plymouth, Michigan to secure a loan from WaMu. Wells Fargo acted as servicer of the mortgage and sent Burniac his monthly mortgage statements. WaMu assigned ownership of Burniac's mortgage to Wells Fargo in 2007, although Burniac disputes the validity of that assignment. After the assignment, Burniac continued to receive his monthly mortgage statements from Wells Fargo. WaMu filed for bankruptcy in September 2008.

Burniac sent his mortgage payments to Wells Fargo for several years thereafter, but he eventually experienced economic hardships and ceased making the monthly payments. Wells Fargo subsequently initiated foreclosure proceedings on his property, and a foreclosure sale was scheduled for May 23, 2013.

**B.      State-court proceedings**

To prevent the foreclosure sale, Burniac filed suit in Michigan's Wayne County Circuit Court on May 20, 2013 against the Bank.  Burniac's 13-count complaint alleged sundry claims, including a claim that deficiencies in the assignment of Burniac's mortgage to Wells Fargo violated the requirements for nonjudicial foreclosure-by-advertisement under Michigan law.  In particular, Burniac's complaint asserted that the signatures on the assignment were forged by "robo-signers" or that the signers had no authority to execute the assignment.

On May 21, 2013, Burniac sought a temporary restraining order, which the state court granted on the same day.  The state court also set a hearing for May 31, 2013 on Burniac's request for a preliminary injunction.  Burniac and Wells Fargo stipulated to adjourn the hearing until June 14, 2013.  Wells Fargo, however, did not attend the rescheduled hearing, and the state court issued a preliminary injunction on June 18, 2013.

On June 20, 2013, Burniac filed a "DEFAULT REQUEST, AFFIDAVIT, AND ENTRY" form.  The section of the form labelled "REQUEST AND AFFIDAVIT" states that Burniac's trial attorney was "request[ing] the clerk to enter the default" of Wells Fargo.  Under the section labelled "DEFAULT ENTRY," the form states:  "The default of [Wells Fargo] for failure to plead or otherwise defend is entered."  Beneath that text are two lines with captions below them. One is titled "Date"; the other, "Court clerk."  Both lines are left blank.  The state-court docket displays no other entries concerning a default judgment.  Wells Fargo removed the case to federal court on the same day that Burniac filed his request for a default judgment.

**C.      Federal-court proceedings**

Burniac filed a motion to remand the case back to state court, but the district court concluded that subject-matter jurisdiction was proper based on diversity of citizenship and denied the motion in December 2013.  The district court subsequently granted Wells Fargo's motion for summary judgment in January 2015.  This timely appeal followed.

## II. ANALYSIS

Burniac's contentions can best be grouped into two camps: (1) challenges based on procedural errors allegedly committed by the district court, and (2) challenges to the district court's substantive-law rulings on summary judgment. We will deal with each contention in turn.

### A. Standard of review

A district court's grant of summary judgment is reviewed de novo. *Keith v. Cnty. of Oakland*, 703 F.3d 918, 923 (6th Cir. 2013). Summary judgment is proper when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, "we draw all reasonable inferences in favor of the non-moving party and construe all evidence in the light most favorable to the non-moving party." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). But "[c]onclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009). We also review de novo the denial of a motion to remand a case to state court. *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008).

### B. Burniac's procedural challenges fail because a default judgment was never entered against Wells Fargo and the state court's preliminary injunction neither prevented the district court from issuing a summary-judgment order nor required remand of the case to the state court

Burniac's procedural objections center around two events that allegedly occurred in state court prior to removal: (1) the purported entry of a default judgment against Wells Fargo, and (2) the issuance of a preliminary injunction against the foreclosure sale. Parts of Burniac's briefs attack the district court's authority to issue a summary-judgment order after the entry of the purported default judgment and the preliminary injunction. Other sections of his briefs appear to

challenge the court's denial of Burniac's motion to remand for the same reasons. We will address both contentions.

### 1. Wells Fargo's failure to move to set aside the state court's purported default judgment and its preliminary injunction did not impair the district court's ability to grant summary judgment in favor of the Bank

Burniac attacks the district court's authority to issue a summary-judgment order in favor of Wells Fargo because the Bank never moved to set aside the purported default judgment and the preliminary injunction issued in state court. The foundation for these claims appears to derive from Burniac's assertion that, when a case is removed from state court, a federal court "takes the case as it finds it on removal." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). We agree. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974) ("After removal, the federal court takes the case up where the State court left it off." (internal quotation marks omitted)). From this uncontroversial premise, however, Burniac argues that Wells Fargo was required to move to set aside the state court's purported default judgment and its preliminary injunction before the district court could properly issue a summary-judgment order. But nothing about the posture of this case prior to its removal on June 20, 2013 encumbered the district court's authority to issue a summary-judgment order in favor of Wells Fargo.

### a. A default judgment was never entered in state court

With regard to the entry of the purported default judgment, the parties spill much ink disputing whether Wells Fargo entered a general appearance in state court before the hearing on June 14, 2013. They do this because either proper service on or the general appearance of a defendant is a necessary condition for a valid default judgment. And Wells Fargo contends that Burniac never properly served the Bank. We need not reach the general-appearance issue, however, because a default judgment was never in fact entered in state court.

Rule 2.603 of the Michigan Court Rules governs default judgments. If a defendant fails to appear, then "[o]n request of the plaintiff supported by an affidavit . . . , the clerk may sign and enter a default judgment . . . against the defendant." Mich. Ct. R. 2.603(B)(2). On June 20, 2013, Burniac filed a "DEFAULT REQUEST, AFFIDAVIT, AND ENTRY" form, requesting

the entry of a default judgment against Wells Fargo. The import of this request is hotly contested by the parties. Burniac claims that his filing effected a default judgment against Wells Fargo because his "trial attorney, pursuant to state trial court procedures in the state of Michigan *had entered on the docket* a *default* against" Wells Fargo. (Emphasis in original.) Wells Fargo, on the other hand, contends that Burniac's request was not itself the entry of a default judgment. The record clearly supports Wells Fargo's view.

The state-court docket entry for June 20, 2013 reads "Default, Request, Affidavit and Entry Filed." When read in isolation, the proximity of "entry" and "filed" could plausibly lead a reader to the conclusion that a default judgment was entered. Any potential ambiguity, however, is erased by the document associated with this entry. That document is titled "DEFAULT REQUEST, AFFIDAVIT, AND ENTRY." Read together, the docket entry and the title of the document suggest that a document with the title "DEFAULT REQUEST, AFFIDAVIT, AND ENTRY" was filed—not that a default judgment was entered and filed.

The content of the form Burniac filed further bolsters Wells Fargo's position. Under the section captioned "REQUEST AND AFFIDAVIT," the form states that Burniac's trial attorney was "*request[ing]* the clerk to enter the default of" Wells Fargo. (Emphasis added.) Although this text indicates that Burniac complied with the requirement that he first request a default judgment before one is entered, *see* Mich. Ct. R. 2.603(B)(2), it undercuts his apparent assertion that the filing of the form was alone sufficient to effect a default judgment against Wells Fargo.

Under the section labelled "DEFAULT ENTRY," the form states: "The default of [Wells Fargo] for failure to plead or otherwise defend is entered." Beneath that text are two lines: one captioned "Date" and the other captioned "Court clerk." The clear implication of this section is that a default is not operative until the clerk signs and dates the form on the lines provided. This plain reading of the form is buttressed by the Michigan Court Rules. *See* Mich. Ct. R. 2.603(B)(2) ("On request of the plaintiff supported by an affidavit . . . , the clerk may sign and enter a default judgment . . . against the defendant."). Both lines are blank, and the state-court docket displays no other entries concerning a default judgment. The evidence thus conclusively establishes that the state court never entered a default judgment against Wells Fargo.

This conclusion should come as no surprise to Burniac because, in his Reply Brief, he essentially admits that no default judgment was ever entered against Wells Fargo: "[T]he Bank's own efforts to remove the case prevented any further actions from occurring in the state court, *including entry by the court clerk of the default*, as the case was removed on the day that Mr. Burniac's counsel filed the default for entry." (Emphasis added.) Because the record shows that a default judgment was never entered against Wells Fargo, the Bank was not required to move to set aside the purported judgment before the district court could issue a summary-judgment order in the Bank's favor.

### b. *A preliminary injunction does not preclude summary judgment*

The preliminary injunction, which was in fact issued by the state court, was likewise no barrier to the district court's summary-judgment order. As an initial matter, despite Burniac's contention that Wells Fargo "had to follow state-law procedures for challenging the [state] trial court's injunction and the entry of default," "[t]he Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal," *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438 (1974) (citing Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court.")); *see also id.* at 437 ("[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal.").

A preliminary injunction "maintain[s] the status quo pending determination of an action on its merits." *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976). Accordingly, a final order on the merits extinguishes a preliminary injunction. *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010) (noting that a preliminary injunction "dissolves *ipso facto* when a final judgment is entered in the cause"); *Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994) ("A preliminary injunction cannot survive the dismissal of a complaint."); *Cypress Barn, Inc. v. W. Elec. Co., Inc.*, 812 F.2d 1363, 1364 (11th Cir. 1987) ("Since a preliminary injunction is interlocutory in nature, it cannot survive a final order of dismissal.").

Unlike the purported default judgment, the state court did in fact issue a preliminary injunction against Wells Fargo on June 18, 2013, which was prior to the removal of this case.

The district court, however, subsequently granted summary judgment in favor of Wells Fargo on January 28, 2015. Because the summary judgment was a final order, its issuance immediately extinguished the state court's preliminary injunction. *See U.S. Philips Corp.*, 590 F.3d at 1093. Wells Fargo therefore had no procedural obligation to first move to set aside the preliminary injunction before the district court issued its grant of summary judgment.

### 2. The district court did not err in denying Burniac's motion to remand because a default judgment was never entered against Wells Fargo and a preliminary injunction does not preclude removal

Turning to the district court's denial of Burniac's motion to remand, Burniac's challenges mirror those advanced in opposing the summary-judgment order. They are equally unavailing. The purported default judgment against Wells Fargo could not render the district court's denial of Burniac's motion to remand erroneous because, as noted above, a default judgment was never entered. As for the preliminary injunction, federal law explicitly contemplates the removal of cases in which injunctions were issued prior to removal. 28 U.S.C. § 1450 ("Whenever any action is removed from a State court to a district court of the United States, . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); *see also Granny Goose Foods*, 415 U.S. at 436 (noting that, under § 1450, "injunctions[] and other orders obtained in state court all remain effective after the case is removed to federal court"). The state court's preliminary injunction consequently did not bar removal of the case, and Burniac's attacks on the district court's denial of his motion to remand fail.

**C.** **Burniac's challenges based on the district court's application of Michigan law fail because, even assuming that Wells Fargo violated Michigan law, Burniac has not demonstrated that he was prejudiced by those violations**

Burniac also objects to the district court's summary-judgment order on the grounds that the district court misapplied Michigan foreclosure law. The thrust of Burniac's grievances in this regard appears to be that Wells Fargo could not foreclose under Michigan's foreclosure-by-advertisement statute either because it never received a validly assigned interest in Burniac's mortgage, or because Wells Fargo never recorded that interest. This argument appears to relate back, albeit in an indirect fashion, to Count One of Burniac's complaint, which alleges that Wells

Fargo violated Michigan's nonjudicial foreclosure-by-advertisement statute (Mich. Comp. Laws § 600.3204) because the mortgage assignment was invalid.

We discern no other identifiable claims concerning the merits of the district court's summary-judgment order in Burniac's initial brief. We will therefore proceed to address Burniac's sole claim that summary judgment was improper because Wells Fargo violated Mich. Comp. Laws § 600.3204. *See LoCoco v. Med. Sav. Ins. Co.*, 530 F.3d 442, 451 (6th Cir. 2008) (noting that a party "waives an issue when he fails to present it in his initial briefs" (internal quotation marks omitted)).

This attack on the district court's summary-judgment order fails because, even assuming without deciding that Wells Fargo violated § 600.3204, Burniac was not prejudiced by the violation. Because this case was removed from Michigan state court on the basis of diversity of citizenship, the substantive law of Michigan applies. *See Berrington v. Wal-Mart Stores Inc.*, 696 F.3d 604, 607 (6th Cir. 2012) (applying Michigan law in a diversity-of-citizenship case). In applying state law, we are "bound by controlling decisions of [the state's highest] court." *Id.* (internal quotation marks omitted). We are therefore precluded from heeding the intimations in Burniac's briefs that we possess the authority to overrule the decisions of the Michigan Supreme Court.

In *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 336–37 (Mich. 2012), the Michigan Supreme Court analyzed the effect of a violation of Mich. Comp. Laws § 600.3204 on foreclosure proceedings initiated pursuant to that section. *Kim* held "that defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Id.* at 337. Accordingly, to prevail on a suit based on a violation of § 600.3204, "plaintiffs must show that they were prejudiced by defendant's failure to comply with" that statute. *Id.* "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.*

This court subsequently acknowledged the necessity of demonstrating prejudice to prevail on a § 600.3204 claim. *See Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 362 (6th Cir. 2013) ("Post-*Kim*, Michigan mortgagors seeking to set aside a sheriff's sale under § 600.3204 will have to demonstrate prejudice (e.g., double liability) . . . ."). Addressing similar

allegations of a robo-signed or otherwise invalid assignment, the *Conlin* court concluded that the plaintiff had failed to demonstrate prejudice. *Id.* In reaching this conclusion, the court explained that the plaintiff "has not shown that he will be subject to liability from anyone other than U.S. Bank; he has not shown that he would have been in any better position to keep the property absent the defect; and he has not shown that he has been prejudiced in any other way." *Id.*

Burniac has similarly failed to meet his burden of demonstrating prejudice from Wells Fargo's purported violation of § 600.3204. Beyond a few conclusory statements that he "fears double recovery," and that "it may be that no other party" seeks to enforce the mortgage, "[b]ut, there is no guarantee," Burniac has produced no evidence to indicate that there is any threat of double liability. Moreover, "[c]onclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009).

The speculative nature of Burniac's fear is further underscored by the fact that he admits in his complaint that WaMu, who assigned his mortgage to Wells Fargo, filed for bankruptcy in 2008 and "is now out of business, and otherwise 'dead' as a 'corporate person.'" Burniac has identified no entities, other than Wells Fargo, that are likely to enforce the mortgage. He therefore has failed to show that Wells Fargo's purported violation of the Michigan statute exposes him to double liability.

Moreover, Burniac has failed to show how the alleged assignment deficiencies placed him in a worse position to preserve his interest in his home. Indeed, the purported assignment deficiencies did not cause Burniac confusion as to whom he should pay because, both before and after the assignment, Burniac received his monthly mortgage statements from Wells Fargo.

Burniac, like the plaintiff in *Conlin*, has failed to demonstrate that the alleged assignment irregularities (1) will subject him to double liability, (2) placed him in a worse position to keep his property, or (3) prejudiced him in any other way. Accordingly, Burniac's objections to the district court's application of Michigan foreclosure law fail.

### III.   CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.