NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company<br><br>              Plaintiff - Appellant,<br><br>  v.<br><br>CROP USA INSURANCE AGENCY, INC.,  an Idaho corporation<br><br>              Defendant,<br>and<br><br>CGB DIVERSIFIED SERVICES, Inc., a Louisiana Corporation, DBA Diversified Crop Insurance Services,<br><br>              Defendant - Appellee. | No. 15-56267<br><br>D.C. No. 2:13-CV-5504-SJO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted May 9, 2016
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: CLIFTON and IKUTA, Circuit Judges, and BLOCK, Senior District Judge.**

GemCap Lending I, LLC ("GemCap") appeals the district court's dissolution of a preliminary injunction preventing CGB Diversified Services ("Diversified") from disbursing certain monies (the "enjoined funds"). We affirm.

"A district court has inherent authority to modify a preliminary injunction in consideration of new facts." *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (citing *Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647-48 (1961)). We review a district court's decision to dissolve a preliminary injunction for abuse of discretion. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010).

When the district court first issued the preliminary injunction, it stated that the injunction would remain in effect "until this Court determines the lawful recipient(s) of" the enjoined funds. Subsequently, the district court dismissed all of GemCap's claims against Diversified, and GemCap settled additional claims with other defendants. The only remaining causes of action in this case are against an individual defendant who has no claim to the enjoined funds. Accordingly, as the district court noted, this case was no longer a "proper vehicle" for determining who the lawful

---

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

recipient of the enjoined funds is. This change in circumstances is sufficient for us to determine that the district court did not abuse its discretion by dissolving the preliminary injunction.

Although GemCap notes that it has not yet had the opportunity to appeal the dismissal of its claims against Diversified, the preliminary injunction only prevented Diversified from disbursing certain monies. In the event this Court later reverses the district court and reinstates GemCap's claims, a legal remedy will be sufficient to make GemCap whole. *See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("It is well established . . . that . . . monetary injury is not normally considered irreparable.").

AFFIRMED.