RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0064p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

CHRISTOPHER ADAMS,

*Plaintiff-Appellant*,

*v.*

DAVE BAKER, TRICOR/BCCX Operations Manager,
*Defendant-Appellee*.

No. 18-5819

On Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 1:16-cv-00335—Travis R. McDonough, District Judge.

Decided and Filed:  March 2, 2020

Before:  NORRIS, SUTTON, and BUSH, Circuit Judges.

_____

**LITIGANT**

**ON BRIEF AND MOTIONS:**  Christopher Adams, Pikeville, Tennessee, pro se.

_____

**OPINION**

_____

PER CURIAM.  Tennessee inmate Christopher Adams filed a pro se lawsuit under 42 U.S.C. § 1983, claiming, among other allegations, that defendant Dave Baker retaliated against him for his informal grievances about unfair workplace procedures in violation of his First Amendment rights.  On January 17, 2018, the district court denied Adams' request for a preliminary injunction, and Adams filed this interlocutory appeal.  We dismiss the appeal as moot.

Our jurisdiction is limited to "cases and controversies." U.S. Const. art. III, § 2. A case may become moot on appeal if an "intervening event" makes it impossible for a court of appeals to "grant any effectual relief . . . in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996). That's exactly what happened. While Adams' appeal was pending, he took his case to trial and won. On August 15, 2019, the district court entered a final judgment, making his appellate request that we enter a preliminary injunction both awkward and moot.

The point of a preliminary injunction is to maintain "the status quo" until the resolution of the case "on its merits." *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2010). A final decision on the merits thus "extinguishes a preliminary injunction." *Id.* Because no "status quo" remains for us to "maintain," there is nothing left for us to do. *See Burgess v. Ryan*, 996 F.3d 180, 184 (7th Cir. 1993). Even if we agreed with him on the merits of his interlocutory appeal, we cannot provide him "effectual relief" because any preliminary injunction would "dissolve" the moment we ruled in his favor. *See U.S. Philips Corp. v. KBC Bank N.V.,* 590 F.3d 1091, 1093 (9th Cir. 2010); *Hankins v. Temple Univ.*, 829 F.2d 437, 438 n.1 (3d Cir. 1987); *Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 764 F.2d 858, 860 n.3 (D.C. Cir. 1985).

We dismiss for lack of jurisdiction.