RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0193p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

RACHEL WELTY; AFTYN BEHN,

>
>
>     *Plaintiffs-Appellees*,
>
> *v.*
>
> BRYANT C. DUNAWAY, et al.,
>
>     *Defendants-Appellants*.

No. 24-5968

─────────────────

Appeal from the United States District Court for the Middle District of Tennessee at Nashville.
No. 3:24-cv-00768—Aleta Arthur Trauger, District Judge.

Decided and Filed:  July 24, 2025

Before:  SUTTON, Chief Judge; STRANCH and RITZ, Circuit Judges.

─────────────────

### COUNSEL

**ON UNOPPOSED MOTION TO DISMISS APPEAL AS MOOT:**  William Powell, Gregory Briker, Shelley Calambokidis, Kelsi Brown Corkran, INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION, Washington, D.C., Daniel A. Horwitz, Sarah L. Martin, HORWITZ LAW, Nashville, Tennessee, for Appellees.

─────────────────

### OPINION

─────────────────

PER CURIAM.  At issue is whether Tennessee's appeal of a preliminary injunction temporarily blocking it from enforcing a ban on intentionally recruiting pregnant minors for the purpose of concealing or obtaining an abortion is moot.  It is.  The district court recently entered a permanent injunction against enforcement of the law.

In May 2024, Tennessee enacted the Underage Abortion Trafficking Act. 2024 Tenn. Pub. Acts, ch. 1032 (codified at Tenn. Code Ann. § 39-15-201). The Act bans adults from "intentionally recruit[ing], harbor[ing], or transport[ing] a pregnant unemancipated minor" within Tennessee "for the purpose of" concealing an abortion from the minor's parents, procuring an abortion for the minor, or obtaining an abortion-inducing drug for the minor. Tenn. Code Ann. § 39-15-201(a)(1)–(3). Among other exceptions, the Act does not apply to the minor's parents or to any adult who receives parental consent. *Id.* § 39-15-201(c)(1)–(2). The Act treats a violation as a misdemeanor punishable by eleven months and twenty-nine days in prison. *Id.* § 39-15-201(b).

Rachel Welty is a family-law attorney, and Aftyn Behn is a social worker and Tennessee representative. Both are abortion-rights advocates, and as part of that advocacy they frequently distribute information about abortion options. They filed this lawsuit against eleven of Tennessee's district attorneys general, claiming that the Act's ban on "intentionally recruit[ing]" minors violated their federal constitutional right to free speech and their due process right not to be subject to vague criminal laws.

Before the Act went into effect, Welty and Behn moved for a preliminary injunction to block Tennessee from enforcing the recruitment provision. Tennessee opposed the motion. On July 1, 2024, the Act went into effect. On September 20, 2024, the district court granted the preliminary injunction. Tennessee appealed that decision.

Meanwhile, both parties moved for summary judgment in the district court. On July 18, 2025, the district court entered summary judgment for Welty and Behn on the free speech claims and for Tennessee on the vagueness claim. The district court permanently enjoined Tennessee from enforcing the Act's recruitment provision against anyone.

That same day, Welty and Behn moved to dismiss the appeal of the preliminary injunction on mootness grounds. Tennessee agrees that its appeal is moot.

So do we. Our jurisdiction is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2. This constraint demands that a live issue exist at every stage of litigation. *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). A live issue no longer

exists on appeal, and the appeal becomes moot, when an intervening event makes it impossible for us to "grant 'any effectual relief' . . . in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (citation omitted).

That is what happened here. While Tennessee's appeal was pending, the district court reached a final decision on the merits of Welty and Behn's claims. That final decision "extinguished the . . . preliminary injunction." *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016). That is because preliminary injunctions are intended to maintain "the status quo" until the district court resolves the case "on its merits." *Id.* (quotation omitted). Because the district court resolved the merits of this case, "no status quo remains for us to maintain." *Adams v. Baker*, 951 F.3d 428, 429 (6th Cir. 2020) (per curiam) (internal quotation marks and citation omitted).

We dismiss the appeal for lack of jurisdiction.